The PEOPLE of the State of Colorado, Complainant,

v.

James E. TATUM,
Attorney–Respondent.

No. 91SA107.

Supreme Court of Colorado,
En Banc.

July 15, 1991.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

James E. Tatum, pro se.

Justice KIRSHBAUM delivered the Opinion of the Court.

A formal complaint was filed with the Colorado Supreme Court Grievance Committee on May 2, 1990, charging the respondent, James E. Tatum, with professional misconduct during the course of his representation of several defendants in a civil action filed in Water Division No. 2 in Pueblo, Colorado. The hearing board conducted a hearing on December 14, 1990; considered the evidence there adduced, as well as the arguments of the respondent and the assistant disciplinary counsel; and entered findings of fact together with a recommendation that the respondent receive a letter of admonition for his misconduct. The hearing panel adopted the findings of the hearing board, but recommended imposition of a public censure together with the assessment of costs. We agree that the imposition of a public censure is warranted in the circumstances of this case.

The respondent was admitted to the practice of law in this state on December 2, 1987. Accordingly, he is subject to the jurisdiction of this court and its Grievance Committee. The hearing board made the following findings of fact, which have not been disputed. On August 2, 1989, the respondent's clients were served with a summons, complaint and motion for preliminary injunction in the case of *People ex rel. State Engineer v. Parsons*, No. 89CW33 (hereinafter the *Parsons* case), which case was then pending in Water Division No. 2 of the District Court for the Tenth Judicial District of Colorado. A hearing on the motion for preliminary injunction was scheduled to commence on August 22, 1989, and the clients were noti-

fied of the date of that hearing by a notice dated August 8, 1989.

On August 18, 1989, the respondent filed an answer and a motion for continuance on behalf of his clients. The motion for continuance indicated that the respondent was already scheduled to represent other parties in several cases in Texas, that under Texas trial docketing procedures trial might commence in any one of those cases on August 21, 1989, and that the cases involved criminal charges. The respondent knew of this calendar conflict when he agreed to represent the clients.

The water court granted the respondent's motion for continuance, and a hearing on the motion for preliminary injunction was set by agreement between the respondent's office and opposing counsel for September 14, 1989. At the time that date was selected, the respondent also knew that he had not received notification of a date for the commencement of trial in the two pending state criminal proceedings and that he represented a party in a case pending in a United States District Court in Houston, Texas, scheduled to commence trial on August 28, 1989. The latter case did go to trial and concluded on August 31, 1989. On September 1, 1989, the two state criminal cases were consolidated for trial, to commence September 5, 1989. The trial did commence on that date and concluded on September 18, 1989.

On September 7, 1989, the respondent filed a motion for continuance, dated September 6, 1989, with the water court seeking a continuance of the September 14 hearing date. The motion advised the court that the respondent was engaged in trial in Texas in the two criminal cases. The motion was denied on September 8, 1989.

On September 13, 1989, the respondent telephoned Water Division No. 2 for the purpose of convincing the trial judge that he could not be present for the hearing scheduled for the next day in the *Parsons* case. The respondent informed an assistant division clerk that if the trial judge did not grant the respondent's motion for continuance the respondent would file a com-

plaint against the judge with the Colorado Commission on Judicial Discipline. The respondent intended by this statement to obtain a granting of his motion for continuance, which would have been an advantage to him and to his clients. The assistant division clerk informed the trial judge of this conversation and, as a result thereof, the trial judge entered an order on September 13, 1989, recusing himself and assigning the case to a different judge. As a result, the hearing scheduled for September 14, 1989, was continued.

The respondent made no attempt to locate other counsel to represent his client in the *Parsons* case. The motion for preliminary injunction sought to prohibit the respondent's clients from allegedly diverting water out of priority. The record discloses that the alleged improper diversions ceased subsequent to the service of the complaint on the respondent's clients.

The complaint in this grievance matter alleges that the respondent's misconduct violated C.R.C.P. 241.6 and the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1) (violating a disciplinary rule), DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR 7-106(C)(6) (engaging in discourteous conduct degrading to a tribunal in appearing in a professional capacity before the tribunal). The hearing board concluded that the respondent's misconduct violated DR 1-102(A)(1) and DR 1-102(A)(5) of the Code of Professional Responsibility, but not DR 7-106(C)(6).

The hearing board found as aggravating factors the fact that the respondent refused to acknowledge the wrongful nature of his misconduct, ABA *Standards for Imposing Lawyer Sanctions* 9.22(g) (1986), and the fact that the respondent has had substantial experience in the practice of law, ABA *Standards* 9.22(i). The hearing board found as a mitigating factor the absence of any prior disciplinary record. ABA *Standards* 9.32(a).

The respondent's telephone call was designed to improperly obtain a favorable ruling on a motion he had filed with the trial court. The respondent sought to ob-

tain a ruling influenced by a threat of the invocation of disciplinary proceedings against the judge. While an attorney or other persons may at any time file complaints questioning the conduct or non-conduct of judges, the respondent deemed it appropriate to threaten such action not because of any conduct or non-conduct of the judge but in anticipation of an adverse ruling on an issue pending for judicial resolution. That the respondent may have done so in an effort to benefit his clients exacerbates the unprofessional nature of his decision. Under all the circumstances, including the aggravating and mitigating factors established by the record, imposition of a public censure for the respondent's acknowledged misconduct constitutes an appropriate sanction.

Accordingly, we publicly reprimand the respondent, James E. Tatum, and order him to pay the costs of these proceedings in the amount of $723.88, representing the costs of the disciplinary proceedings in this matter, to the Supreme Court Grievance Committee, 600—17th Street, Suite 500S, Denver, Colorado 80202–5435, within sixty days of the date of this opinion.

Justice VOLLACK dissents, and Justice ERICKSON and Justice QUINN join in the dissent.

Justice VOLLACK dissenting:

I respectfully dissent from the majority's decision to publicly censure the respondent. In my opinion, an attorney's threat to invoke disciplinary proceedings against a judge to extort a favorable ruling for himself and his client warrants a more severe sanction.

I.

A disciplinary hearing was held at which the hearing board found the following facts to have been established by clear and convincing evidence.

The respondent was retained to represent the defendants in a water court lawsuit (hereinafter referred to as the *Parsons* case) in Water Division No. 2. Judge Tracey was the assigned judge for that divi-

sion. The plaintiff had moved for a preliminary injunction against the defendants, and a hearing on the motion was set for August 22, 1989. The respondent entered his appearance and filed an answer and a motion for a continuance of the hearing for preliminary injunction. The motion for continuance was filed on August 18, 1989, and asserted that respondent, because of his busy practice, was scheduled for trial in Texas on August 21 and that he could not be present for the August 22 hearing. The court granted the respondent's motion for a continuance, and vacated the hearing on August 22. An agreement was entered into between the respondent and plaintiff's counsel to reset the preliminary injunction hearing for September 14, 1989.

The criminal trial in Texas, that was the basis for the original motion for continuance, did not go to trial on the August dates and was reset to commence on September 5, 1989. The trial did commence on September 5 and concluded on September 18. On September 7, the respondent again moved for a continuance of the scheduled September 14 hearing. On September 8, Judge Tracey entered an order denying this second motion for a continuance.

Respondent did not attempt to have other counsel represent his clients at the preliminary injunction hearing, but instead, on September 13, telephoned the Water Division from Texas. He was not able to speak directly to Judge Tracey, but spoke to the Judge's assistant division clerk. During the call, the respondent made a statement to the division clerk to the effect that if Judge Tracey did not grant a continuance of the *Parsons* hearing, the respondent would file a grievance or a complaint against Judge Tracey with the Commission on Judicial Discipline. The hearing board found the intent of this statement was to obtain a favorable ruling that would have been advantageous to the respondent and his clients. The assistant division clerk advised Judge Tracey of the conversation, and, because the judge was compelled under the rules of conduct to file a complaint against the respondent, he entered an order recusing himself from the case. He then

assigned the matter to Judge Anderson, the assistant water judge for the district. Judge Tracey's recusal resulted in a continuance of the September 14 hearing. The hearing board found that at no time did the respondent attempt to locate other counsel to handle the preliminary injunction hearing, the purpose of which was merely to prohibit the defendants from allegedly diverting water out of priority; all other matters could be litigated at a later time. The board further found that the plaintiff in the *Parsons* case later determined that the alleged improper diversions ceased subsequent to the service of the complaint in August.

The respondent, in his *pro se* appearance at the disciplinary hearing, freely admitted his conversation with the assistant division clerk. He predicated his defense on the fact that it was not possible for him to be present in Colorado for the *Parsons* hearing because he was in trial in Texas, having double-set his trial calendar. The hearing board found the respondent's assumption that courts should always change their calendars to accommodate any calendar conflicts which respondent might have or which might arise subsequent to a setting was inappropriate.

The board established that when respondent accepted employment in the *Parsons* case he knew he was unable to attend the August 22 hearing but expected the water court to accommodate that conflict. The respondent agreed to the September 14 date apparently under the assumption that if it later proved inconvenient the water court would again change its calendar to accommodate respondent's schedule. The board concluded that respondent's state-ment to Judge Tracey's assistant division clerk was a threat to file a grievance unless Judge Tracey granted a continuance. While the respondent was free to file a complaint with the Commission on Judicial Discipline, his coupling of the threat with a demand for a favorable ruling was a violation of DR 1–102(A)(5).[1] The board further concluded that the respondent violated C.R.C.P. 241.6(1)[2] and DR 1–102(A)(1).[3] The board found aggravating factors present in that the respondent refused to acknowledge the wrongful nature of his conduct[4] and that he had substantial experience in the practice of law.[5] The board did find one mitigating factor to be present—the absence of a prior disciplinary record.[6]

## II.

In determining the appropriate sanctions for unethical conduct, we normally apply the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986). Standard 6.3, Improper Communications with Individuals in the Legal System, is appropriate in this case where the respondent threatened to file a complaint with the Judicial Grievance Commission to extort a continuance from a judge. Standard 6.3 provides in relevant part:

6.31 Disbarment is generally appropriate when a lawyer:

. . . .

(b) makes an ex parte communication with a judge or juror with intent to affect the outcome of the proceeding, and causes serious or potentially serious injury to a party, or causes significant or potentially significant interference with the outcome of the legal proceeding; or

---

1. **DR 1–102 Misconduct.**
   (A) A lawyer shall not:
   . . . .
   (5) Engage in conduct that is prejudicial to the administration of justice.

2. **Rule 241.6. Grounds for Discipline**
   Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

   (1) Any act or omission which violates the *Code of Professional Responsibility*[.]

3. **DR 1–102 Misconduct.**
   (A) A lawyer shall not:
   (1) Violate a Disciplinary Rule.

4. American Bar Association's *Standards for Imposing Lawyer Sanctions,* Standard 9.22(g) (1986).

5. ABA Standard 9.22(i).

6. ABA Standard 9.32(a).

(c) improperly communicates with someone in the legal system other than a witness, judge, or juror with the intent to influence or affect the outcome of the proceeding, and causes significant or potentially significant interference with the outcome of the legal proceeding.

. . . .

6.32 Suspension is generally appropriate when a lawyer engages in communication with an individual in the legal system when the lawyer knows that such communication is improper, and causes injury or potential injury to a party or causes interference or potential interference with the outcome of the legal proceeding.

The respondent's admission of intentionally threatening the judge to gain an advantage for himself is conduct that warrants a more severe sanction than a public censure, in accordance with either ABA Standard 6.31 or 6.32. When the judicial process is affronted or disrupted, the dignity and authority of the courts must be vindicated to reestablish the respect which is owed to the court and which is necessary to the proper functioning of the court. *See*

*Losavio v. District Court*, 182 Colo. 180, 512 P.2d 266 (1973).

A public censure of the admitted conduct of the respondent and his refusal to acknowledge the wrongful nature of his conduct in my opinion does not maintain the respect due to courts and judicial officers. The respondent's conduct is a serious violation of his professional duty as an officer of the court sworn to respect the law and obey the order and judgment of the court. I cannot agree that a public censure is appropriate in this case. Such discipline would unduly depreciate the seriousness of the respondent's misconduct and erode public confidence in the integrity of the legal profession and the justice system.

I am authorized to say that Justice ERICKSON and Justice QUINN join in this dissent.