**The PEOPLE of the State of Colorado, Complainant,**

v.

**Derry Dale SADLER, Attorney–Respondent.**

No. 92SA180.

Supreme Court of Colorado,
En Banc.

June 8, 1992.

Linda Donnelly, Disciplinary Counsel, and James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Derry Dale Sadler, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee unanimously recommended that the respondent in this attorney disciplinary proceeding be publicly censured for neglecting legal matters entrusted to him and for failing to promptly pay to his clients funds they were entitled to. Neither the respondent nor the assistant disciplinary counsel excepted to this recommendation. We accept the recommendation of the hearing panel and order that the respondent be publicly censured and pay the costs of these proceedings.

I

The respondent was admitted to the bar of this court on October 21, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). After listening

to the testimony of a number of witnesses, including the respondent, and considering the exhibits admitted into evidence, the hearing board found the following facts had been established by clear and convincing evidence.

In March 1989, a group of eight clients retained the respondent to investigate their claims of unfair and racially motivated employment practices and disciplinary action by the street maintenance division of the City and County of Denver. The group was dubbed "SMART" ("Street Maintenance Affirmative Response Team"). Although there was no written fee agreement, the respondent requested a $500 retainer from each of the members of SMART and he agreed to begin work as soon as the retainers were paid. The respondent and the members of SMART understood that the respondent would charge for his time against the retainer at an hourly rate of $100 to $125 per hour. By March 31, 1989, the respondent had received at least $3,650 from the members of SMART, in addition to an initial deposit for group investigation fees. The respondent did not deposit the unearned retainer into a trust account, but placed it in his operating account and used it to pay office expenses.

The respondent told the members of SMART that he would take action within two weeks after receiving the retainer. However, the respondent took little action on the matter for several months and, between March and September of 1989, he failed to return numerous telephone calls from the members of SMART and failed to keep appointments with members of the group. Several members of SMART told the respondent in September 1989 that they were dissatisfied with his representation and with the lack of progress on the case and the respondent agreed to refund the fees that had been paid to him, less a nominal amount to cover costs. Nevertheless, the respondent did not fully refund the fees until January 1991, sixteen months after he had been discharged. The respondent explained that he simply did not have the money to promptly refund the fees.

While he was representing SMART, the respondent also agreed to represent one of its members, Gary Hall, in connection with disciplinary action taken by the city against Hall in July 1989. The respondent promised to submit a written statement on Hall's behalf for the purposes of a disciplinary hearing to be held on July 20, 1989. The respondent failed to submit the statement.

The hearing board concluded, and we agree, that the respondent's failure to handle the SMART and Hall matters in a timely fashion violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer). In addition, the respondent's failure to promptly refund the fees violated DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).

II

The hearing board also found that while the respondent's conduct was negligent, it did not rise to the level of knowing misconduct. The assistant disciplinary counsel has not excepted to this finding. The hearing panel approved the board's recommendation that the respondent receive a public censure and be assessed the costs of the proceeding. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating factors, public censure is "generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. Moreover, public censure is "appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client." *Id.* at 4.13.

In aggravation, the hearing board determined that the respondent engaged in a pattern of misconduct, *id.* at 9.22(c), and that the respondent's clients were vulnerable because of their unsophistication and

total dependence on him, *id.* at 9.22(h). The board also concluded, however, that there were substantial factors in mitigation: (1) the respondent has no prior disciplinary record, *id.* at 9.32(a); (2) he made full and free disclosure to the board and evinced a cooperative attitude toward the disciplinary proceedings, *id.* at 9.32(e); (3) the respondent was relatively inexperienced in the private practice of law at the time of the misconduct, *id.* at 9.32(f); (4) the respondent's character and reputation are good, *id.* at 9.32(g); and (5) the respondent has expressed remorse, *id.* at 9.32(*l*).

### III

Our own review of the record and findings confirms the propriety of a public censure. Accordingly, it is hereby ordered that Derry Dale Sadler be publicly censured for his professional misconduct. It is further ordered that Sadler pay the costs of this proceeding in the amount of $237.20 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.