The PEOPLE of the State of
Colorado, Complainant,

v.

Jerry E. MILLS, Attorney–Respondent.

No. 93SA179.

Supreme Court of Colorado,
En Banc.

Oct. 25, 1993.

---

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

1. The respondent was admitted to the bar of this court on September 20, 1960, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

2. Count I of the complaint charged that the respondent's handling of certain estate proceeds violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct that adversely reflects on the lawyer's fitness to practice law); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). With respect to Count I, the board concluded that only a violation of DR 1–102(A)(5) had been proved by clear and convincing evidence.

Jerry E. Mills, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a hearing board in this attorney discipline matter. The panel recommended the imposition of a public censure upon the respondent,[1] Jerry E. Mills, and that he be assessed costs. No exceptions have been filed to the findings and recommendation. We accept the hearing panel's recommendation.

I

The formal complaint filed by the complainant originally contained four counts of misconduct. One count was dismissed on the motion of the respondent. At the conclusion of an evidentiary hearing during which two witnesses testified on behalf of the complainant and the respondent testified in his own behalf, the hearing board dismissed two of the remaining counts. The hearing board determined, however, that one count of the complaint was established in part by clear and convincing evidence.[2] We recite only those factual findings relevant to that count.

■ The respondent represented Phyllis J. Doner in an estate matter and other legal matters. The estate matter involved

Count II alleged that the respondent violated DR 1–102(A)(4), (5), and (6), and DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee). The hearing board determined that the proof failed to establish that the respondent made any misrepresentations or that he charged an illegal or clearly excessive fee.

The board also concluded that the complainant failed to prove a separate violation of DR 2–106(A), as charged in Count III of the complaint. Count IV, which was dismissed on the unopposed motion of the respondent, had alleged that the respondent violated C.R.C.P. 241.-6(7) by failing to produce documents in response to informal and formal requests made by the Office of Disciplinary Counsel.

Since the complainant has not objected or excepted to the board's findings or conclusions, and because only a part of the record has been lodged in this court, we accept the board's factual findings and conclusions as correct.

the distribution of the estate of Doner's mother. A dispute arose among Doner and her two sisters concerning certain real property and a promissory note payable to the estate. The respondent engaged in negotiations with an attorney for one of the other sisters and ultimately received a check payable to Doner and her two sisters in the amount of $12,200. The respondent deposited the check into his trust account on June 14, 1990.

Doner's share of these estate proceeds was $4,079.83. The hearing board found that on June 14, 1990, Doner was obligated to the respondent for the payment of attorney fees "well in excess of $4,079.83" for legal services he rendered to her in the estate matter and in other, unrelated, legal matters. The hearing board also found that the amount of fees owed by Doner attributable to the respondent's work on the estate was approximately $500. Nevertheless, although the respondent remitted the other sisters' full shares of the proceeds, he applied Doner's share in partial satisfaction of the outstanding fees he alleged she owed him. The respondent has not distributed any of Doner's share of the estate proceeds to her, despite her requests that he do so.

■ The hearing board concluded that Doner's indebtedness to the respondent created an attorney's lien in favor of the respondent with respect to Doner's estate proceeds. As the hearing board noted, there are two kinds of attorney's liens in Colorado and both are statutory. *In re Estate of Benney*, 790 P.2d 319, 322 (Colo. 1990). The first is the "charging lien" created by section 12–5–119, 5A C.R.S. (1991), which statute states in part as follows:

All attorneys- and counselors-at-law shall have a lien on any money, property, choses in action, or claims and demands in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client....

The respondent could not have asserted a valid charging lien on the entire $4,079.83 because an attorney's right to a charging lien extends "only to attorney fees for those professional services rendered in obtaining the judgment and not for unrelated services." *Estate of Benney*, 790 P.2d at 323. Thus, the amount of any charging lien to which the respondent was entitled was only approximately $500.

■ In contrast, a "retaining lien" established by section 12–5–120, 5A C.R.S. (1991), "secures the payment of attorney fees for all legal matters on which services have been rendered...." *Estate of Benney*, 790 P.2d at 323. Section 12–5–120, 5A C.R.S. (1991), states in pertinent part as follows:

**Other property to which lien attaches.** An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment and upon money due to his client in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party.

§ 12–5–120, 5A C.R.S. (1991). The hearing board determined that the scope of the retaining lien was arguably broad enough to encompass Doner's share of the estate proceeds and that the respondent was therefore entitled to retain the full amount of Doner's share against her request for its distribution. The complainant has not challenged this conclusion. Assuming that the respondent was entitled to retain Doner's share under the retaining lien statute, the hearing board concluded that the respondent's conduct did not violate DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). The hearing board also concluded that the evidence did not clearly establish violations of either DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) or DR 1–102(A)(6) (conduct that adversely re-

flects on the lawyer's fitness to practice law). The complainant does not contest these conclusions.

The hearing board did find, however, that the respondent's improper assertion of a charging lien over Doner's share of the estate proceeds violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). *See People v. Brown*, 840 P.2d 1085, 1088 (Colo.1992) (attorney's improper assertion of retaining lien ·violated DR 1–102(A)(5)); *People v. Smith*, 830 P.2d 1003, 1005 (Colo. 1992) (lawyer's unauthorized recordation of charging lien and subsequent failure to release the lien violated DR 1–102(A)(5)). The hearing board also concluded that the respondent's violation of his professional duty "was unintentional and due either to negligence or confusion, or some combination of the two."

## II

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), public censure is "appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client." *Id.* at 4.13. The hearing board determined that although the respondent's misconduct could have potentially injured the client, no actual injury was caused in this case. The respondent was licensed to practice law in Colorado in 1960, the only prior discipline he received was a letter of admonition in 1990 for neglect of a dissolution matter. *See* ABA *Standards* 9.22(a). The hearing board found no other aggravating factors. After reviewing the hearing board's report, we find it appropriate to accept the hearing panel's recommendation. *See Brown*, 840 P.2d at 1089 (lawyer publicly censured for improper assertion of attorney's lien); *People v. Sadler*, 831 P.2d 887, 888–89 (Colo.1992) (failure to handle client matters in timely fashion and to promptly refund client funds warrants public censure).

## III

It is hereby ordered that Jerry E. Mills be publicly censured for his professional misconduct. It is further ordered that Mills pay the costs of this proceeding in the amount of $559.17 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 920–S Dominion Plaza, 600–17th Street, Denver, Colorado· 80202–5135.