McKNIGHT *v.* GENERAL MOTORS CORP.

No. 92–1113. Decided May 23, 1994

PER CURIAM.

After petitioner appealed the dismissal of his employment discrimination claim, respondent moved for dismissal of the appeal and for sanctions. Respondent argued that the appeal was frivolous in light of controlling decisions of the Court of Appeals for the Seventh Circuit holding that § 101 of the Civil Rights Act of 1991, 105 Stat. 1071, 42 U. S. C. § 1981 (1988 ed., Supp. IV), does not apply to cases arising before its enactment. See *Luddington* v. *Indiana Bell Tel. Co.,* 966 F. 2d 225 (1992); *Mozee* v. *American Commercial Marine Serv. Co.,* 963 F. 2d 929 (1992). In an order dated September 30, 1992, the Court of Appeals granted respondent's motion, dismissed the appeal, and imposed a $500 sanction on petitioner's attorney.

The Court of Appeals correctly rejected petitioner's argument that § 101 applies retroactively. See *Landgraf* v. *USI*

*Film Products, ante,* p. 244; *Rivers* v. *Roadway Express, Inc., ante,* p. 298. However, if the only basis for the order imposing sanctions on petitioner's attorney was that his retroactivity argument was foreclosed by Circuit precedent, the order was not proper. As petitioner noted in his memorandum opposing dismissal and sanctions, this Court had not yet ruled on the application of § 101 to pending cases. Filing an appeal was the only way petitioner could preserve the issue pending a possible favorable decision by this Court. Although, as of September 30, 1992, there was no circuit conflict on the retroactivity question, that question had divided the District Courts and its answer was not so clear as to make petitioner's position frivolous. See *Mozee, supra,* at 940–941 (Cudahy, J., dissenting).

Accordingly, the petition for a writ of certiorari is granted, the order imposing sanctions is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*