46 F.3d 1126
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Valerie D. SUTTON, Plaintiff-Appellant,
v.
CHESAPEAKE GENERAL HOSPITAL; Jeannie ROTH, Defendants-Appellees.
 No. 93-2571.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 10, 1995.
 
 Valerie D. Sutton, Appellant Pro Se. Robert Jon Barry, KAUFMAN & CANOLES, Norfolk, Virginia, for Appellees.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Valerie D. Sutton appeals from the district court's order dismissing her civil complaint claiming that the Defendants wrongfully discharged her in violation of 42 U.S.C.A. Sec. 1981 (West Supp.1994), as amended by the Civil Rights Act of 1991; 42 U.S.C. Sec. 1983 (1988); and 42 U.S.C.A. Sec. 1988 (West Supp.1994). We affirm because Sutton does not state a cause of action.
 
 
 2
 Before Sec. 1981 was amended by the Civil Rights Act of 1991, the Supreme Court held that Sec. 1981 applied only to discriminatory conduct in the formation of a contract, and did not apply to postformation conduct unless that conduct interferes with the right to enforce established contractual obligations. Patterson v. McLean Credit Union, 491 U.S. 164 (1989). The Supreme Court's decision was overruled by the Civil Rights Act of 1991. 42 U.S.C.A. Sec. 1981(b) (West Supp.1994). However, the Act does not apply to this case because the effective date of the Act is November 21, 1991, and Sutton claims that she was dismissed on June 18, 1991. Thus, all the acts complained of occurred prior to the effective date of the Act, and the Supreme Court has held that the Civil Rights Act of 1991 does not apply retroactively. McKnight v. General Motors Corp., 62 U.S.L.W. 3771 (1994); Landraf v. USI Film Prods., 62 U.S.L.W. 4255, 511 U.S. ___ (1994). Because Sutton does not complain of conduct dealing with the formation of a contract, she does not have a cause of action under Sec. 1981.
 
 
 3
 Sutton conceded that she does not have a cause of action under Sec. 1983 because the Defendant is a privately operated business and was not acting under color of state law. Sec. 1983. Finally, because Sec. 1988 only deals with attorney's fees to a prevailing party, the district court properly declined to reach that claim.
 
 
 4
 Accordingly, we affirm the district court's order dismissing Sutton's Complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED