**Carl D. BOONE, Plaintiff–Appellant,**

v.

**FEDERAL EXPRESS CORPORATION, its officers and representatives; Amelia Tess; Roanne Aden Richardson; Debbie Turney; Unknown Federal Express Employee No. 115415 EMC2; Charles Klick; Defendants–Appellees.**

No. 94–3451.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1995.

Decided July 3, 1995.

George H. Smith, Minneapolis, MN, (Jennie M. Brown, Minnetonka, MN, on the brief) for appellant.

Martin K. LaPointe, Chicago, IL (John B. Austin, Chicago, IL and Pamela D. Pitts, Memphis, TN, on the brief), for appellees.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, and ROSS and WOOD,[*] Senior Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Carl D. Boone appeals the district court's [1] grant of summary judgment in his employment discrimination action against Federal Express Corporation and five of its current and former employees. We affirm.

## I.

Boone, an African–American male, worked as a part-time employee of Federal Express from December 1981 to March 1991. During that time, he claims to have suffered various forms of harassment and job discrimination which he attributes to his race. In 1987 Boone injured his back and was placed in a "modified duty program." He also began receiving long-term disability benefits. Although Boone claims that he applied for other positions within the company, he was not hired for any of those positions. Boone's receipt of long-term disability payments ended in February 1991, and, as he was not eligible for total disability leave, he was terminated in March 1991 in accordance with company policy.

---

[*] The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

## II.

We review the district court's grant of summary judgment *de novo*. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir.1993).

### A.

■ On appeal, Boone challenges the district court's holding that Federal Express did not violate 42 U.S.C. § 1981 by failing to offer him a new position or to extend his employment contract. The statute provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts...." 42 U.S.C. § 1981(a). As the district court properly points out, the Supreme Court in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), held that this clause applies only to the formation of a contract or to promotions which would result in a new and distinct employer/employee relationship. Although Congress subsequently clarified and broadened the § 1981 definition of "make and enforce contracts," *see* 42 U.S.C. § 1981(b), the amendment was not effective until November 21, 1991, eight months after Boone's termination. The modification of § 1981 does not apply retroactively. *Landgraf v. USI Film Prods.*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Rivers v. Roadway Express, Inc.*, —— U.S. ——, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994); *McKnight v. General Motors Corp.*, —— U.S. ——, 114 S.Ct. 1826, 128 L.Ed.2d 655 (1994). At the time of the alleged acts of discrimination, Boone and Federal Express were already engaged in an employment relationship that would not have been significantly altered by any of the lateral transfers that Boone sought. Therefore, the district court properly found that Boone's § 1981 claim is foreclosed.

### B.

■ Boone next contends that the district court erred in dismissing his claims for breach of implied contract. His first claim depends primarily upon a statement by a Federal Express employee during a workers' compensation hearing that Boone would always have a job so long as Cable Value Network (CVN), a Federal Express customer, was in business.

■ Even if CVN had not closed before Boone's termination, these facts would nonetheless be inadequate to establish an implied contract. "Under Minnesota law a contract of employment of indefinite duration is terminable at the will of either party, even where the employment is characterized as permanent or lifetime." *LeNeave v. North Am. Life Assurance Co.*, 854 F.2d 317, 318 (8th Cir.1988). Therefore, even if CVN had not closed, the statement at the workers' compensation hearing could not have created a contractual obligation on the part of Federal Express to continue to employ Boone. Although an implied contract may be created through promissory estoppel, *id.* at 319, *citing Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 856 (Minn.1986), Boone does not present evidence sufficient to support a finding that he relied on the statement made at the workers' compensation hearing to his detriment. Thus the district court properly denied Boone's first claim that Federal Express breached an implied contractual obligation to continue to employ him.

■ Boone's second claim for breach of implied contract is based upon an allegation that a supervisory employee of Federal Express prevented him from participating in LEAP, a Federal Express retraining program, by giving him inaccurate information about eligibility requirements. The mere existence of the LEAP program, however, does not imply a contractual right for Boone to participate in it, nor does Boone present any evidence of such a right. Therefore, Boone's second claim for breach of implied contract also fails.

### C.

■ Boone also claims that he presented the district court with facts sufficient to prove that Federal Express engaged in intentional infliction of emotional distress by failing to provide him with a new position. Under Minnesota law, a plaintiff must prove the following elements to make out a claim of

intentional infliction of emotional distress: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the distress must be severe. *Hubbard v. United Press Int'l, Inc.,* 330 N.W.2d 428, 439 (Minn.1983). As the district court correctly pointed out, the discriminatory acts alleged by Boone would not constitute extreme and outrageous conduct under Minnesota law even if they were made out. Therefore, despite Boone's assertion that he has been diagnosed with post-traumatic stress disorder, he cannot meet the standard of proof required for this claim.

### D.

■ Next, Boone claims that the district court should have submitted to a jury his claim that Federal Express employees conspired to deprive him of his rights in violation of 42 U.S.C. § 1985(3). Although a corporation cannot conspire with itself, a claim may arise where individually named defendants act outside the scope of their employment or for personal reasons. *See Cross v. General Motors,* 721 F.2d 1152, 1156 (8th Cir.1983). Boone offered as evidence of a conspiracy the e-mail messages exchanged between Federal Express employees regarding his employment and retraining. As the district court correctly pointed out, nothing in these messages or the recipients' subsequent behavior gives any indication of racial animus or intent to deprive Boone of any employment opportunity. Thus there was inadequate evidence to require a jury trial on the § 1985(3) claim.

### E.

■ Finally, Boone contends that the district court erred in dismissing his claim that Federal Express interfered with his receipt of workers' compensation benefits in violation of Minn.Stat. § 176.82 (1986). This statute states in relevant part that "[a]ny person discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing an employee seeking workers compensation benefits is liable in a civil action ..." While Federal Express admittedly dis-

missed Boone in accordance with company policy after his disability benefits had expired, the district court found no evidence of any intent on the part of Federal Express to disturb Boone's receipt of benefits, and we have found none either. Thus, the district court correctly determined that there was no basis for claiming a violation of the statute.

### III.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Federal Express.