guyson 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00522-CV







State of Texas, Appellant



v.



Liberty National Bank, Appellee







FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 2006, HONORABLE STEVE RUSSELL, JUDGE PRESIDING








 In a condemnation proceeding, the State of Texas, appellant, asserted a theory of
lienholder liability against appellee Liberty National Bank (the "Bank"). The trial court concluded
that the State's claim was unreasonable and without foundation in existing law, and awarded the
Bank attorney's fees as sanctions. The State appeals. We will reverse the trial court's judgment
and render judgment that the Bank take nothing on its claim for attorney's fees.



BACKGROUND 


 In January 1991, the State condemned a tract of land owned by the Pruitt family. 
The property, which consisted of two lots located in Travis County, had two small businesses on
it. A special commissioners hearing was held to determine the value of the property. After
hearing evidence from the Pruitts that the property was worth $750,000 and from the State that
the property was worth $500,000, the special commissioners awarded the Pruitts $675,000. The
State filed objections to the award on October 7, 1991, and deposited the amount of the award into
the court registry. See Tex. Prop. Code Ann. § 21.021(a)(1) (West 1984). (1) Before a trial de
novo could be held to determine the value of the property, the lessee, Stacey E. Oliver, exercised
an option to purchase the property for $500,000 in the name of Guyson Limited Partnership
("Guyson"). Guyson borrowed $500,000 from the Bank to purchase the property, and gave the
Bank a mortgage lien on the property as security for the loan. On March 4, 1992, the trial court
issued an order permitting Guyson and the Bank to become successors in interest to the Pruitt
family. The court also granted Guyson and the Bank's motion to withdraw the special
commissioners' award from the registry of the court. Guyson then paid the Bank $495,113.87
plus interest to satisfy its loan. The following year, Guyson filed for bankruptcy. 

 On August 3, 1993, the State joined Guyson and the Bank as parties in its
condemnation suit. This suit is the second case we have considered in which the State has
asserted its theory that a lienholder could be held liable for any deficiency between the jury award
and the special commissioners' award. Here, as in our first confrontation of the issue, State v.
First Interstate Bank, 880 S.W.2d 427 (Tex. App.--Austin 1994, writ denied), the State argued that
the Bank had an ownership interest in the property based on its mortgage lien, and, thus, was
jointly and severally liable for any amount of money by which the special commissioners' award
exceeded the jury's award. See Tex. Prop. Code Ann. § 21.044(b) (West 1984) ("[I]f the award
paid to or appropriated by the property owner exceeds the court's final determination of the value
of the property, the court shall order the property owner to return the excess to the condemnor."). 
In response, the Bank moved for summary judgment, contending that under section 21.044 of the
Texas Property Code, a lienholder is not considered a property owner. The Bank argued that it
could not be held liable to the State if the jury awarded a smaller amount of damages than the
special commissioners awarded. The trial court denied the Bank's motion for summary
judgment. (2) 

 The case went to trial, and the jury awarded $630,000 in damages, which was
$45,000 less than the special commissioners' award. On the third day of trial, we decided First
Interstate, in which we held that a lienholder is not a property owner. 880 S.W.2d at 427. In
the final judgment in the instant cause, the trial court granted the Bank's motion for frivolous
claim against the State and awarded the Bank $40,000 in attorney's fees based upon our decision
in First Interstate. The trial court reasoned that the State's joint and several liability claim was
without foundation in existing law and was unreasonable. Because our decision in First Interstate
was an integral part of the trial court's decision, we will examine our holding in some detail. 

 In First Interstate, the State brought a condemnation suit against a landowner and
the bank that held a lien on the property. The special commissioners awarded more than six
million dollars. The State filed objections to the award, and the landowner and the bank withdrew
the money. The State then sued both the landowner and the bank on the theory that both were
jointly and severally liable for any deficiency between the commissioners' award and the jury
verdict. Id. at 428-29. 

 The trial court granted summary judgment in favor of the bank. Id. at 429. The
State appealed the summary judgment, contending that under section 21.044, the bank was liable
for the difference between the special commissioners' award and the final award of value. (3) See 
Tex. Prop. Code Ann. § 21.044(b) (West 1984). This Court concluded that a lienholder is not
a property owner and, therefore, cannot be held liable for money deposited into the registry of
the court. First Interstate, 880 S.W.2d at 431. 

 The State contends that because the Texas Supreme Court has not yet finally
decided the question of lienholder liability, (4) its claim against the Bank in the instant cause was not
unreasonable and without foundation in existing law. See McKnight v. General Motors Corp.,
114 S. Ct. 1826, 1826 (1994) (party's claim was not frivolous because Supreme Court had not
yet decided issue on appeal). The Bank contends that because this Court rejected the State's
theory of lienholder liability in First Interstate, the trial court's action was proper. 




DISCUSSION


 Section 105.002 of the Texas Civil Practice and Remedies Code provides that
sanctions are permitted against the State when:



A party to a civil suit in a court of this state brought by or against a state agency
in which the agency asserts a cause of action against the party, either originally or
as a counterclaim or cross claim, is entitled to recover, in addition to all other costs
allowed by law or rule, fees, expenses, and reasonable attorney's fees incurred by
the party in defending the agency's action if:


(1) the court finds that the action is frivolous, unreasonable, or without
foundation; and


(2) the action is dismissed or judgment is awarded to the party.



Tex. Civ. Prac. & Rem. Code Ann. § 105.002 (West 1986). Sanctions are permitted only if the
trial court finds that the claim is either frivolous, unreasonable, or without foundation. Id. In its second point of error, the State argues that under the unique circumstances
presented here, the trial court erred by imposing sanctions. The State relies on the fact that we
did not hand down First Interstate until the third day of trial in the instant cause. Therefore,
according to the State, its lienholder liability theory had to be asserted in this case to protect the
State's interest pending the outcome in First Interstate.

 In determining whether the trial court erred in imposing sanctions, we are mindful
of the policy implications involved in permitting a trial court to award sanctions against a party
for asserting a novel theory of law. Although sanctions serve a beneficial role in deterring
unfounded and unwarranted litigation, they should not be used to prevent the development of the
law. The body of law is in a constant state of evolution, and this Court is wary of endorsing any
actions that may chill its development. See Dyson Descendant Corp. v. Sonat Exploration Co.,
861 S.W.2d 942, 951 (Tex. App.--Houston [1st Dist.] 1993, no writ) (sanctions must not "have
a chilling effect on those who seek change in legal precedent"). 

 In the instant cause, the timing of the appeal of First Interstate placed the State in
a very difficult position. Although the trial court in First Interstate ruled against the State's theory
of lienholder liability, this Court had not yet decided the issue on appeal. Consequently, at the
time of the trial in the instant cause, the State was asserting a potentially viable legal theory. 
Although this Court ultimately disagreed with the State's theory in First Interstate, we cannot say
that the State's theory was unreasonable or totally without foundation in existing law. See
Houston N. Shore Ry. v. Tyrrell, 98 S.W.2d 786, 793 (Tex. 1936) (allowing lienholders to
recover damages because term "owner" includes any "person who has an interest in the
[condemned] property"). (5) 

 Because First Interstate was still pending on appeal at the time of trial in the instant
cause, we conclude as a matter of law that the State's lienholder liability claim was not
unreasonable or without foundation in existing law. Thus, the trial court erred in awarding
sanctions against the State. We sustain the State's second point of error. Our disposition of this
point makes it unnecessary to address the State's first and third points of error.


 We reverse that portion of the trial court's judgment awarding attorney's fees, and
render judgment that the Bank take nothing on its claim for attorney's fees under Section 105.002.


 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Powers and Kidd; Justice Powers not participating

Reversed and Rendered

Filed: August 16, 1995

Do Not Publish
1. [1]  Section 21.021(a)(1) provides:


After the special commissioners have made an award in a condemnation proceeding,
. . . the condemnor may take possession of the condemned property pending the
results of further litigation if the condemnor:


(1) pays to the property owner the amount of damages and costs awarded by
the special commissioners or deposits that amount of money with the court
subject to the order of the property owner. 
2. [2]  The record reveals that the trial judge who denied the summary judgment motion was not
the same judge who presided at the trial on the merits.
3. [3]  The landowner, who had declared bankruptcy, entered into a settlement agreement with the
State as to the value of the property, which was less than the commissioners' award.
4. [4]  Although the supreme court has denied writ in First Interstate, the State's motion for 
rehearing is still pending.
5. [5]  In Tyrrell, the lienholder was considered a property owner because he had to be justly 
compensated for his interest in the land. Tyrrell, 98 S.W.2d at 793.