**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAUL HERRERA-PEREZ,

Defendant - Appellant.

No. 01-4223
(D.C. No. 00-CR-10-C)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Raul Herrera-Perez pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). Although a violation of this statute generally carries a maximum prison sentence of two years, § 1326(b)(2) provides for an enhanced prison term of up to twenty years for those who reenter the country illegally and have a previous aggravated felony conviction. On the same day that Herrera-Perez was indicted for violating § 1326, the United States filed a Notice of Sentencing Enhancement (the "Notice"). The Notice advised Herrera-Perez that, based on a prior aggravated felony conviction in Utah state court, he was subject to the enhanced penalties set out in § 1326(b). In written statements made in advance of his guilty plea, Herrera-Perez acknowledged that the maximum term of imprisonment he was facing was twenty years and stipulated as follows:

> My previous criminal history includes, but may not be limited to, the following felony conviction in the United States of America, to wit:
> 1) Distribution, Offering, and Arranging to Distribute a Controlled Substance, to wit: Cocaine, First Degree Felony, Third Judicial Court, Salt Lake County, State of Utah, August 8, 2000, Case No. 001913089
> I have previously been arrested and deported from the United States of America on at least one occasion. The latest arrest and deportation occurred on September 8, 2000.
> I do not have nor have I ever had the express consent of the Attorney General for the United States of America to enter this country at any time.

In accord with this stipulation and based on his prior aggravated felony conviction,[1] the Presentence Report increased Herrera-Perez's offense level by sixteen points pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(A). Herrera-Perez did not lodge any objections to the Presentence Report. The district court ultimately sentenced Herrera-Perez to a term of imprisonment of seventy-seven months.

On appeal, Herrera-Perez relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to argue that his sentence exceeds the maximum penalty for the offense because the fact of his prior conviction was not set out in the indictment, submitted to a jury, or proved beyond a reasonable doubt. *Apprendi*, however, acknowledged that a narrow exception to this general rule, established in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), applies when the fact used to enhance the sentence is a prior conviction. *Apprendi*, 530 U.S. at 490. Relying on *Almendarez-Torres* and the narrow exception recognized in *Apprendi*, this court has held that an indictment which does not contain a separate charge for prior conviction of an aggravated felony does not violate constitutional rights and

---

[1]It is clear that Herrera-Perez's drug trafficking conviction in Utah state court constitutes an "aggravated felony" for purposes of Sentencing Guideline § 2L1.2. *See* United States Sentencing Guideline § 2L1.1 note 1 (providing that "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43)); 8 U.S.C. § 1101(a)(43)(B) (providing that the term "aggravated felony" means, *inter alia*, "illicit trafficking in a controlled substance").

does not preclude the application of § 1326(b).  *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000).  This panel is bound by *Almendarez-Torres* and *Martinez-Villalva* and therefore rejects Herrera-Perez's arguments.

Herrera-Perez concedes that the relief he seeks is foreclosed by *Almendarez-Torres* and *Martinez-Villalva*, but seeks to preserve his argument for review by the Supreme Court in the event that *Almendarez-Torres* is overruled. He has done so.  *See McKnight v. Gen. Motors Corp.*, 511 U.S. 659, 660 (1994). "Nevertheless, *Almendarez-Torres* has not been overruled and directly controls our decision in this case."  *United States v. Dorris*, 236 F.3d 582, 587 (10th Cir. 2000).  Accordingly, the sentence imposed by the United States District Court for the District of Utah is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge