**The PEOPLE of the State of Colorado, Complainant,**

v.

**James David Kimo SMITH, Attorney–Respondent.**

**No. 91SA426.**

Supreme Court of Colorado, En Banc.

May 26, 1992.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

James David Kimo Smith, Denver, pro se.

PER CURIAM.

The respondent in this attorney discipline case was charged with violating the Code

of Professional Responsibility in two separate complaints. A hearing board consolidated the complaints and recommended that the respondent be suspended for one year and one day, but that he be given a credit of six months in order that he could begin reinstatement proceedings within six months of this court's order. A hearing panel of the Supreme Court Grievance Committee approved the board's recommendation with the added condition that the respondent demonstrate his mental and emotional fitness to practice law prior to reinstatement. We generally accept the findings and recommendation of the panel, but we modify the period of suspension. We order that the respondent be suspended for six months from the date of this opinion and order, that he prove by clear and convincing evidence that he has been rehabilitated in reinstatement proceedings pursuant to C.R.C.P. 241.22(b)–(d), that he demonstrate his mental and emotional fitness to practice law prior to reinstatement, and that he be assessed costs.

## I

The respondent was admitted to the bar of this court on May 14, 1982, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b). The respondent and the assistant disciplinary counsel entered into an unconditional stipulation of facts regarding one of the complaints. After considering the stipulation, listening to the testimony of the complainant's witnesses and witnesses for the respondent, including the respondent's own testimony, and considering the exhibits introduced by both sides, the hearing board found that the following facts were established by clear and convincing evidence.

## A

On July 25, 1988, Dale Strahs retained the respondent to represent him in a dissolution of marriage proceeding. Strahs paid the respondent $750 as a retainer and agreed, in writing, that a failure to pay a bill for attorney's fees within ten days of receipt would result in an 18% per annum service charge on any unpaid balance. It was particularly important to Strahs that the court's decision concerning custody be based primarily on the wishes of his daughters.

A hearing on temporary orders was scheduled for September 16, 1988. The day before the hearing, the respondent telephoned Strahs and told him that he had not yet subpoenaed the witnesses that he intended to call at the hearing. Strahs arranged for service of the subpoenas that evening. The respondent did not speak to the witnesses he intended to call until twenty minutes before the hearing. The board concluded that, in his representation of Strahs in the dissolution proceeding, the respondent violated DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances), and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

A week after the hearing, Strahs retained another attorney because of his dissatisfaction with the manner in which the respondent had handled the case. The new attorney's paralegal telephoned the respondent and asked him to sign a motion for substitution of counsel. The respondent refused and indicated that he would not release the file. A motion for substitution of counsel was delivered to the respondent on September 30, 1988, and the respondent signed it and filed the motion with the court on October 12, 1988. The board found that the respondent's initial refusal to withdraw, while a "technical violation" of DR 2–110(B)(4) (a lawyer shall withdraw from employment if the lawyer is discharged by the client), caused no harm to Strahs because the respondent withdrew within two weeks after the written request.

The day before he filed the motion for substitution of counsel, October 11, 1988, the respondent filed a notice of lien which stated that Strahs owed him $1,544 in attorney's fees. At about the same time, the respondent recorded a lien against the Strahs' marital residence. When he recorded the lien, the respondent had not obtained

a judgment against Strahs for the amount claimed in the lien, and had not even presented Strahs with a bill for the amount claimed. The respondent did not provide Strahs with an itemized bill of expenses until December 27, 1988, two days before the hearing on the attorney's fees was scheduled. Although Strahs requested that the respondent remove the lien recorded on the marital residence, the respondent failed to do so.

▉ There are only two kinds of attorney's liens in Colorado and both are statutory: the "retaining lien" and the "charging lien." *In re Estate of Benney*, 790 P.2d 319, 322 (Colo.1990). The retaining lien gives the attorney the right to retain the client's papers until the general balance due for legal services has been paid. *Id.;* § 12–5–120, 5A C.R.S. (1991). The charging lien is created by section 12–5–119, 5A C.R.S. (1991), "and grants an attorney a lien on claims or choses in action ... on any judgment that the attorney obtained or assisted in obtaining in favor of the client, and on any legal claim filed by the attorney for fees due from the client." *Estate of Benney*, 790 P.2d at 322. Section 12–5–119 states that the attorney

> may file, with the clerk of the court wherein such cause is pending, notice of his claim as lienor, setting forth specifically the agreement of compensation between such attorney and his client, which notice, duly entered of record, shall be notice to all persons and to all parties, including the judgment creditor, to all persons in the case against whom a demand exists, and to all persons claiming by, through, or under any person having a demand in suit or having obtained a judgment that the attorney whose appearance is thus entered has a first lien on such demand in suit or on such judgment for the amount of his fees.

The respondent's recordation of the lien on the marital residence was not authorized by either section 12–5–119 or 12–5–120. The board found, and we agree, that the respondent's recordation and subsequent failure to release the lien violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and DR 5–103(A)(1) (a lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that a lawyer may acquire a lien granted by law to secure the lawyer's fees or expenses).

### B

On October 11, 1988, the respondent filed a complaint in the District Court for the City and County of Denver, naming M. Evan Sweet as the defendant. The complaint alleged that Sweet, an attorney, had engaged in "deliberate malpractice" by initiating *ex parte* communications with the judge in an action that the respondent had filed against a former client to collect his fee. The complaint also stated that Sweet had "participated in filing false allegations with the Colorado Grievance Committee to prevent the [respondent] from collecting a proper debt," and that Sweet had testified to certain matters during a "Grievance Hearing." The disciplinary proceedings referred to by the respondent in the civil action were confidential and the respondent's reference to them in the complaint violated former C.R.C.P. 241.24(a), 7A C.R.S. (1990). These same disciplinary proceedings culminated in the respondent's suspension from the practice of law for one year and one day. *People v. Smith*, 773 P.2d 522 (Colo.1989). The *Smith* opinion was released on April 17, 1989, six months after the respondent filed the civil complaint against Sweet.

In addition, the hearing board concluded that the respondent's filing of the civil action against Sweet was retaliation, at least in part, for Sweet's participation in the disciplinary proceedings against the respondent. The respondent's conduct therefore violated DR 7–102(A)(1) (a lawyer shall not file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the lawyer's client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another), and C.R.C.P.

241.25(e) (all requests for investigation submitted to the supreme court, grievance committee, committee counsel, or disciplinary counsel, and all complaints filed with the grievance committee, shall be absolutely privileged and no lawsuit may be predicated thereon); as well as DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 1–102(A)(6) (conduct that adversely reflects on lawyer's fitness to practice law).

## C

In the final matter, the respondent's letterhead has indicated since 1984 that the respondent is admitted to practice law in Alaska, Colorado, Louisiana, South Dakota, Wyoming, Trust Territory of the Pacific, California, Hawaii, Oklahoma and Texas. The respondent stipulated that he has been suspended in Alaska, Colorado, Hawaii, Oklahoma, and Texas; has become ineligible to practice law in Louisiana; his membership in the Wyoming bar was terminated and he has been an inactive member of the South Dakota bar since 1984; and that he has never been admitted to practice law in California. The respondent also stipulated that he had misrepresented to the grievance committee in October 1987 that he had been admitted to practice law in California.

The respondent's conduct violated DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and DR 2–102(A) (a lawyer shall not use or participate in the use of a letterhead if it includes a statement or claim that is false, fraudulent, misleading or deceptive within the meaning of DR 2–101(B)).

## II

■ The hearing panel approved the board's recommendation that the respondent be suspended for a year and a day. Any of the above instances of misconduct, if examined in isolation, might not warrant a substantial suspension. Considered together, however, and in conjunction with the respondent's inappropriate and unprofessional conduct before the hearing board, we conclude that a suspension is a suitable and necessary sanction. The board found the following factors in aggravation: (1) prior disciplinary offenses, ABA *Standards for Imposing Lawyer Sanctions* 9.22(a) (1986); (2) a pattern of misconduct, *id.* at 9.22(c); (3) multiple offenses, *id.* at 9.22(d); and (4) the respondent's refusal to acknowledge the wrongful nature of his misconduct, *id.* at 9.22(g).

The panel also approved the board's suggestion that the respondent be given six months' credit on the suspension. While we conclude that retroactive discipline is not appropriate under the circumstances of this case, *see People v. Abelman*, 804 P.2d 859, 862–63 (Colo.1991) (discussing factors which counsel for or against retroactive discipline), we find that the delay in the present proceedings, and the fact that the respondent has not sought reinstatement from the suspension imposed in 1989, to be mitigating factors. *See id.* at 863. Accordingly, we order that the respondent be suspended from the practice of law for six months from the date of this opinion, but that he must petition for reinstatement.

## III

It is hereby ordered that James David Kimo Smith be suspended from the practice of law for six months, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). In order to be reinstated, the respondent must petition for reinstatement and must comply with all of the conditions and procedures in C.R.C.P. 241.-22(b)–(d). It is further ordered that, as a further condition of reinstatement, the respondent demonstrate his mental and emotional fitness to practice law. It is further ordered that the respondent pay the costs of this proceeding in the amount of $1,654.37 within 90 days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seven-

teenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80203.