**The PEOPLE of the State of Colorado, Complainant,**

v.

**John W. DALTON, Attorney–Respondent.**

**No. 92SA390.**

Supreme Court of Colorado, En Banc.

Nov. 9, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Steven Katzman, Littleton, for attorney-respondent.

## PER CURIAM.

In this attorney discipline proceeding, the respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent receive a public censure and be assessed the costs of the proceeding. We accept the stipulation and the recommendation of the inquiry panel.

### I

The respondent was admitted to the bar of this court on October 6, 1975, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b). The stipulation embraces allegations of professional misconduct contained in two separate formal complaints, and contains the following admissions by the respondent:

In GC 88A–10, the respondent represented a client in a probation revocation proceeding in county court. During the course of the proceedings from April to November, 1987, the respondent asserted numerous unwarranted allegations against, and displayed disrespect for, the county court judge, the prosecutor, and the court reporter. The respondent's conduct in the proceedings was undignified, discourteous and disruptive of the proceedings. As the respondent has stipulated, his conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and DR 7–106(C)(6) (in appearing in the lawyer's professional capacity before a tribunal, a lawyer shall not engage in undignified or discourteous conduct which is degrading to a tribunal).

In GC 89A–11, the respondent represented a woman who was charged with criminal mischief. On August 28, 1987, the respondent filed a motion to disqualify the judge. The motion contained allegations that were unwarranted and displayed disrespect for the court. In his response to the request for investigation initiating a part of this disciplinary proceeding, the respondent charged a complaining witness with filing a frivolous and groundless action against him. Moreover, despite the immunity granted by C.R.C.P. 241.25(e) (all requests for investigation submitted to the supreme court, grievance committee, committee counsel, or disciplinary counsel, and all complaints filed with the grievance committee, shall be absolutely privileged and no lawsuit may be predicated thereon), the respondent claimed that the complaining witness was liable to him for damages and the costs of defending the grievance. *See People v. Smith*, 830 P.2d 1003, 1005–06 (Colo.1992) (attorney's filing of civil action in retaliation for defendant's participation in disciplinary proceedings against him violated C.R.C.P. 241.25(e)). As he has admitted, the respondent's conduct violated DR 1–102(A)(5), DR 7–106(C)(6), and C.R.C.P. 241.25(e).

### II

As officers of the court, lawyers "must maintain the respect due to courts and judicial officers." *Losavio v. District Court*, 182 Colo. 180, 185, 512 P.2d 266, 268 (1973). In the stipulation, the respondent and the assistant disciplinary counsel assert that the respondent's offending statements

were made in the heat of emotion and caused little or no actual damage. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), public censure

> is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

ABA *Standards* 6.13; *see also id.* at 7.3 (public censure is appropriate when a lawyer negligently engages in conduct that violates duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system); *People v. Tatum*, 814 P.2d 388 (Colo.1991) (threatening invocation of disciplinary proceedings against judge to improperly obtain favorable ruling on motion, in violation of DR 1–102(A)(5) and DR 7–106(C)(6), warrants public censure). While the actual harm inflicted may have been slight, the respondent's conduct had the potential for causing harm to a party or an adverse effect on the proceedings. We note too that the respondent received a letter of admonition in 1981 for similar conduct. ABA *Standards* 9.22(a).

Taking the foregoing into account, and also the fact that these disciplinary proceedings have been delayed, *see id.* at 9.32(j) (delay in disciplinary proceedings is a mitigating factor), we conclude that public censure is an appropriate disciplinary sanction. We therefore accept the stipulation, agreement, and conditional admission of misconduct.

### III

It is hereby ordered that John W. Dalton be publicly censured. It is further ordered that Dalton pay the costs of this proceeding in the amount of $1095.62 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.