**In re David L. SMITH.**

No. 93–631.

United States Court of Appeals,
Tenth Circuit.

Feb. 13, 1996.

Before SEYMOUR, Chief Judge,
BALDOCK and BRORBY, Circuit Judges.

ORDER

PER CURIAM.

On December 14, 1995, this panel entered an order requiring respondent David L. Smith to show cause why he should not be disbarred for violating this court's November 1993 suspension order and for practicing in this court without authorization. On December 20, Mr. Smith filed his response. In ruling in this matter, the court has carefully

reviewed that response, as well as the other pleadings filed to date in this disciplinary action. The court has determined that Mr. Smith's transgressions warrant disbarment.

Mr. Smith's name was referred for attorney discipline after more than one panel of this court determined he was filing frivolous appeals and failing to pay court ordered sanctions. Following briefing and oral argument, this panel suspended Mr. Smith from practicing in the Tenth Circuit. *In re Smith,* 10 F.3d 723 (10th Cir.1993) (per curiam), *cert. denied,* —— U.S. ——, 115 S.Ct. 53, 130 L.Ed.2d 13 (1994). Approximately one year later, Mr. Smith filed a request for reinstatement. This panel denied that request. *See* Order Denying Reinstatement, No. 93–631, (10th Cir. July 18, 1995).

During the course of his suspension, Mr. Smith continued to file briefs in this court. In particular, the court has identified four appeals in which Mr. Smith appears to have drafted briefs on behalf of the allegedly pro se appellants. Those appeals are 94–1127, *Qualls v. Regional Transportation District,* 94–1130, *Dunkin v. Louisiana Pacific Corporation,* 94–1317, *Howard v. Mail–Well Envelope Company,* and 95–1198, *Seales v. Jefferson County School District R–1.* The December 14 show cause order was the culmination of this court's efforts to have Mr. Smith explain his involvement in these appeals.

In his response, Mr. Smith readily admits, as he has before, that he wrote and submitted briefs in this court following the issuance of our suspension order. He maintains, however, that those submissions are not in violation of this court's order because he signed two of the briefs in question and included footnotes admitting his involvement in the other two. He suggests that these admissions absolve him of any allegations of "ghost-writing." *See Johnson v. Board of County Commrs.,* 868 F.Supp. 1226, 1231–32 (D.Colo.1994) (discussing elements of ghost-writing). The argument follows that because he admits his assistance, he cannot be subject to discipline. Mr. Smith's arguments misperceive the nature of the problem.

Mr. Smith was advised, in very clear terms, that he no longer had permission to practice law in this court. He was told he could not act as an attorney for his clients or former clients. In writing and filing briefs on behalf of otherwise pro se litigants, he violated that order. This breach existed regardless of whether he signed the briefs or inserted footnotes. Following the suspension order, Mr. Smith was prohibited from helping his clients with their briefs.

Contrary to assertions made in the response, the court has been very careful to distinguish between efforts made on behalf of clients and Mr. Smith's right to appeal sanctions issues on his own behalf. The briefs in the four cases identified asked for relief which went far beyond Mr. Smith as an individual. In 94–1127, for example, the alleged "pro se" brief requests relief in the form of reversing the district court's dismissal of certain claims and remand for an expedited jury trial on the merits. The front cover of that brief asserts it is being submitted by Mr. Qualls, not David Smith. We find it disingenuous for Mr. Smith to urge that these briefs only contained arguments personal to him.

Despite repeated warnings, Mr. Smith has chosen not to heed the orders of this court. He is, therefore, disbarred. His name will be stricken from the list of attorneys allowed to practice in this court. In addition, in accordance with Fed.R.App.P. 35(b), Mr. Smith's suggestion for hearing en banc was circulated to all judges of the court in regular active service. No member of the panel or the court has requested a poll. Therefore, the suggestion for en banc hearing is denied. The request for evidentiary hearing is likewise denied. Mr. Smith is referred to the office of the Circuit Executive to file any desired judicial misconduct complaint.