**In the Matter of David Lee SMITH,
Attorney–Respondent.**

Nos. 97SA344, 98SA8.

Supreme Court of Colorado,
En Banc.

Oct. 4, 1999.

Rehearing Denied Nov. 1, 1999.

 

 

 

 

 

 

John S. Gleason, Attorney Regulation Counsel, James C. Coyle, Assistant Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

David Lee Smith, Pro Se, Denver, Colorado.

PER CURIAM.

These two lawyer discipline cases involve the same respondent, David Lee Smith. We have consolidated them in order to issue one opinion and order. Smith was admitted to practice law in Colorado in 1975. In No. 97SA344, a hearing panel of the supreme court grievance committee recommended that Smith be suspended from the practice of law for a year and a day for prosecuting two federal actions against lawyers who had filed requests for disciplinary investigations against him.

The second case, No. 98SA8, involves reciprocal discipline. *See* C.R.C.P. 241.17. The United States Court of Appeals for the Tenth Circuit disbarred Smith for violating its previous order suspending him from practicing before that court. The hearing panel accepted a hearing board's findings and recommendation that the same discipline – disbarment – was appropriate in Colorado.

We accept the recommendation of disbarment in No. 98SA8, and order that Smith be disbarred. Because the greater sanction of disbarment controls, we do not address the recommended sanction of suspension in No. 97SA344.

## I. No. 97SA344—Immunity Case

### A. The Hearing Board's Findings

In an earlier reciprocal discipline case two years ago, we suspended Smith for nine months following the Tenth Circuit's imposition of an indefinite suspension upon him. *See People v. Smith,* 937 P.2d 724, 731 (Colo. 1997) (per curiam) (imposing nine-month suspension), *cert. denied sub nom., Smith v. Supreme Court of Colorado,* 522 U.S. 858, 118 S.Ct. 158, 139 L.Ed.2d 103 (1997), —— U.S. ——, 118 S.Ct. 2372, 141 L.Ed.2d 739 (1998); *In re Smith,* 10 F.3d 723 (10th Cir. 1993) (per curiam) (imposing indefinite suspension), *cert. denied,* 513 U.S. 807, 115 S.Ct. 53, 130 L.Ed.2d 13 (1994). As a condition of reinstatement, Smith must demonstrate that all sanctions imposed by the Tenth Circuit and the United States District Court for the District of Colorado have been satisfied and that all federal suspensions have been lifted. *See Smith,* 937 P.2d at 731. Smith remains suspended under our 1997 order.

Case No. 97SA344 involves the application of state and federal immunity rules to a number of requests for investigation and disciplinary complaints that were filed against Smith with the state and federal disciplinary authorities. These culminated with Smith filing two federal actions against the complaining witnesses and others. At the time relevant to this case, C.R.C.P. 241.25(e), 7A C.R.S. (1990), provided in part:

> **(e) Immunity.** All requests for investigation submitted to the Supreme Court,

the [Grievance] Committee, the Committee Counsel, or the Disciplinary Counsel, and all complaints filed with the Committee, shall be absolutely privileged and no lawsuit may be predicated thereon.[1]

The federal immunity rule, D.C. Colo. LR 83.6(c), provides in part:

All requests for investigation submitted to the court or Committee on Conduct and all complaints filed with the committee shall be absolutely privileged and no lawsuit may be predicated thereon.

Smith represented the plaintiff in a civil action in the United States District Court for the District of Colorado (District Court) entitled *Casillan v. Regional Transportation District*, No. 90–S–1722. In addition, he represented the plaintiff in *Qualls v. Regional Transportation District*, No. 91–Z–989, also pending in District Court.

Patricia A. Coan (Coan) represented some of the defendants in the *Casillan* case. Rolf G. Asphaug (Asphaug) represented the Regional Transportation District (RTD) in *Qualls*. In August 1991, Asphaug filed a request for investigation with the Office of Disciplinary Counsel of the Colorado Supreme Court concerning Smith's conduct in the *Casillan* case. The Office of Disciplinary Counsel dismissed this request for investigation.

On November 29, 1991, sanctions were imposed on Smith in federal district court for his conduct in the *Casillan* case. He was ordered to pay attorney fees to Coan. The Tenth Circuit affirmed both the dismissal of Casillan's complaint and the imposition of sanctions against Smith. *See Casillan v. Regional Transp. Dist.*, Nos. 92–1009, 92–1039, 1993 WL 8732, at **6–7 (10th Cir. Jan.15, 1993). The Court of Appeals also imposed additional attorney fee sanctions directly against Smith for filing a frivolous appeal. *See id.* at *7. It remanded the case to the District Court to calculate the reasonable attorney fees to be awarded each defendant for defending the appeal. *See id.*

On remand, the District Court ordered Smith to pay attorney fees in excess of $14,-000. The Tenth Circuit affirmed and the United States Supreme Court denied Smith's petition for writ of certiorari. *See Casillan v. Regional Transp. Dist.*, No. 93–1158, 1993 WL 521053, at *1 (10th Cir. Dec.14, 1993), *cert. denied*, 512 U.S. 1221, 114 S.Ct. 2710, 129 L.Ed.2d 837 (1994).

On November 29, 1993, a Tenth Circuit panel suspended Smith from practicing before the Court of Appeals, based in part on Smith's frivolous appeal in *Casillan*. *See In re Smith*, 10 F.3d at 724. Smith was suspended for an indefinite period until he paid the sanctions imposed by the Tenth Circuit and by the District Court. *See id.* Smith's petition for certiorari was denied. *See In re Smith*, 513 U.S. 807, 115 S.Ct. 53, 130 L.Ed.2d 13 (1994). We subsequently imposed reciprocal discipline in the form of a suspension for nine months, with reinstate-

---

1. The current immunity rule, C.R.C.P. 251.32(e), provides:

(e) **Immunity.** Testimony given in disciplinary proceedings or communications relating to attorney misconduct, lack of professionalism or disability made to the Supreme Court, the Appellate Discipline Commission, counsel for the Appellate Discipline Commission, the committee, the Regulation Counsel, the Presiding Disciplinary Judge, members of the Hearing Board, mediators acting pursuant to C.R.C.P. 251.3(c)(11), or monitors enlisted to assist with probation or diversion, as authorized by C.R.C.P. 251.13, shall be absolutely privileged and no lawsuit shall be predicated thereon. If the matter is confidential as provided in these rules, and if the person who testified or communicated does not maintain confidentiality, then the testimony or communications shall be qualifiedly privileged, such that an action may lie against the person whose testimony or com-

munications were made in bad faith or with reckless disregard of their truth or falsity. Persons performing official duties under the provisions of this Chapter, including but not limited to members of the Appellate Discipline Commission, counsel for the Appellate Discipline Commission and staff, the Presiding Disciplinary Judge and staff, members of the Hearing Board, the committee, the Regulation Counsel and staff, mediators appointed by the Supreme Court pursuant to C.R.C.P. 251.3(c)(11), monitors enlisted to assist with diversion as authorized by C.R.C.P. 251.13, members of the Bar working in connection with disciplinary proceedings or under the direction of the Appellate Discipline Commission, the Presiding Disciplinary Judge, the Committee, and health care professionals working in connection with disciplinary proceedings shall be immune from suit for all conduct in the course of their official duties.

ment conditioned on Smith's satisfaction of the sanctions imposed by the federal courts. *See Smith,* 937 P.2d at 731.

Smith subsequently filed a complaint in the United States District Court for the District of Colorado on November 16, 1995, entitled *Smith v. Regional Transportation District et al.,* No. 95–WY–2867 (the § 1983 action). He named Asphaug and Coan as defendants because of requests for investigation they had made to the Office of Disciplinary Counsel. Smith's complaint contained the following: (1) a claim against Asphaug, Coan, and others for deprivation of civil rights, brought under 42 U.S.C. § 1983; (2) a claim against various defendants, including Asphaug and Coan, for conspiracy to deprive Smith of his civil rights, brought under 42 U.S.C. §§ 1983 and 1985; (3) a claim against Coan, Asphaug, and others under 42 U.S.C. § 1986 (failing to prevent a conspiracy from depriving the civil rights of a person); and (4) state common law claims against various defendants, including Asphaug and Coan, for abuse of process, malicious prosecution, and wrongful use of civil proceedings.

The hearing board determined that Smith's lawsuit was based in substantial part on the requests for investigation Asphaug and Coan filed with the Office of Disciplinary Counsel and on disciplinary complaints filed with either the District Court or its Committee on Conduct. Although Smith asserts that various requests for investigation, disciplinary complaints, and other motions that Asphaug and Coan filed with the state and federal authorities were motivated by bad faith, he has never filed a request for investigation or disciplinary complaint against either Asphaug or Coan concerning their conduct.

The § 1983 action also asked the District Court to review and overturn the monetary sanctions and disciplinary orders entered in connection with Smith's conduct in the *Casillan* and *Qualls* cases. He requested this relief notwithstanding that he had already

appealed all such orders, and had lost. The petitions for writ of certiorari that he had filed with the United States Supreme Court had all been denied.

On December 7, 1995, Smith filed another complaint in the District Court, styled *Smith v. Regional Transportation District, et al.,* No. 95–WY–3053 (the independent action).[2] Coan was named as one of the defendants, but Asphaug was not. Insofar as it can be discerned from the complaint, the factual basis for the claims against Coan included (1) that Coan had been awarded sanctions against Smith by the District Court's order of January 3, 1992, affirming the magistrate's November 29, 1991 order; (2) that Coan had been awarded additional monetary sanctions against Smith by the District Court's April 15, 1993 order; and (3) the fact that the District Court granted Coan's motion for an order to show cause.

Smith sought (1) an order declaring that the final judgments, order, and proceedings in the *Casillan* case and in the Tenth Circuit's disciplinary proceedings against him were null and void ab initio; and (2) an order declaring that it was no longer equitable that the final judgments, orders, and proceedings in *Casillan* and the Tenth Circuit disciplinary proceedings should have prospective application.

Smith's legal basis for the relief he requested was (1) that the federal immunity rule was unconstitutional on its face; (2) that following the Supreme Court's decision in *McKnight v. General Motors Corp.,* 511 U.S. 659, 114 S.Ct. 1826, 128 L.Ed.2d 655 (1994), it is no longer equitable that the final judgments in *Casillan* be given prospective effect; (3) that the procedure followed by the · Tenth Circuit disciplinary panel violated Smith's due process rights; and (4) that the District Court proceeded in excess of its jurisdiction when it imposed sanctions against him in its April 15, 1993 order.

2. Although Smith refers to this action as arising under Fed.R.Civ.P. 60(b), it is actually an independent action in equity to obtain relief from a judgment, which is referred to in Rule 60(b)'s savings clause, and which is explicitly not abolished by the adoption of Rule 60(b). *See* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2868, at 396 & nn. 1–3 (1995). To be accurate, therefore, we refer to No. 95–WY–3053 as the "independent action."

The hearing board found that the independent action asked the District Court to review and overturn the sanctions and orders entered in the *Casillan* and *Qualls* cases and in the disciplinary actions resulting from Smith's conduct in those cases. The grounds upon which Smith sought this relief were the same grounds he relied on in those cases and in the direct appeals of those cases. All of the relevant orders and sanctions had been upheld on appeal and the United States Supreme Court had denied Smith's petitions for certiorari. At the time of the hearing in this case, both the § 1983 action and the independent action were still pending.[3]

The board concluded that Smith filed the § 1983 action and the independent action, "at least in part, to retaliate against Mr. Asphaug and Ms. Coan for their filing of the various requests for investigation." The hearing board also determined that the § 1983 and independent actions have resulted in the expenditure of judicial resources. Coan has had to expend her time and substantial personal resources to defend against the actions. At the time of the hearing, Coan had incurred $13,253 in attorney fees and costs related to the two lawsuits. Moreover, Asphaug's employer, RTD, has had to expend its resources to defend him in the § 1983 case.

According to the board, Smith "made a clear and knowing decision to seek damages from Mr. Asphaug and Ms. Coan for the filing of the requests for investigation, the complaints, and other documents described in his complaint." In addition, "considering the volume of material filed in the 1983 Action, the filing and prosecution of that action has caused the unnecessary and excessive expenditure of judicial resources."

With respect to the second action, "[r]elief pursuant to an independent action is available only in cases 'of unusual and exceptional circumstances.'" *Barrett v. Secretary of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir.1987) (quoting *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir.1973)). According to a leading commentator, "[t]he re-

quirements of established doctrine for an independent action in equity were succinctly summarized by the Eighth Circuit long before the adoption of the Civil Rules," in *National Surety Co. of New York v. State Bank of Humboldt*, 120 F. 593, 599 (8th Cir.1903). *See* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2868, at 397 (1995). The Eighth Circuit Court of Appeals stated:

> The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*National Sur. Co. of New York*, 120 F. at 599. As the hearing board found, however, the independent action merely asked the District Court to review and overturn the sanctions and orders entered in the *Casillan* and *Qualls* cases and in the disciplinary actions resulting from Smith's conduct in those cases, and Smith relied on the very same grounds he advanced in those cases and in the direct appeals of those cases. All of these orders and sanctions had been affirmed on appeal and the Supreme Court had denied certiorari review. An independent action in equity may not be used to obtain further review of issues already decided in the previous action. *See* 11 Wright, *supra*, § 2868 at 398 & n.7; *see also Barrett*, 840 F.2d at 1266.

The hearing board therefore concluded that by filing and prosecuting the § 1983 and independent actions Smith engaged in conduct prejudicial to the administration of justice. *See* Colo. RPC 8.4(d); *see also People v. James David Kimo Smith*, 830 P.2d 1003, 1005–06 (Colo.1992). In addition, Smith violated C.R.C.P. 241.25(e), 7A C.R.S. (1990) (providing that requests for investigation and all disciplinary complaints are absolutely

---

**3.** By way of a supplement to the record filed by the complainant, we are advised that the federal district court has now dismissed Smith's § 1983 action with prejudice. *See Smith v. Regional Transp. Dist.*, No. 95–WY–2867–WD (D. Colo. June 24, 1998) (order).

privileged and that no lawsuit may be predicated thereon).[4]

## B. Analysis

We proceed to discuss Smith's claims in No. 97SA344. They can be grouped into four areas: notice of the charges against him; the validity of the immunity rules and their application to Smith's conduct; Smith's due process claims; and whether the discipline recommended constituted cruel and unusual punishment.

### (1) Notice of the Charges

■ Smith asserts that the allegations of misconduct in the complaint were not specific enough to provide him fair notice in the preparation of a defense. He also claims that the conduct he was charged with was different from the misconduct the board found that he had engaged in. We discussed this identical issue in *In re Quiat*, 979 P.2d 1029, 1039 (Colo.1999). C.R.C.P. 241.12(a)(2) provided that "[t]he complaint shall set forth clearly and with particularity the grounds for discipline with which the respondent is charged and the conduct of the respondent which gave rise to the charges." Applying the plain language of the rule, we concluded that in two instances the board found that Quiat had engaged in misconduct that had not been adequately charged in the complaint. *See Quiat*, 979 P.2d at 1039.

*Quiat* is not applicable here. Smith has not identified how the complaint failed to provide adequate notice in regard to the misconduct the board found to exist. Instead, he repeats paragraphs 6 and 7 of the amended complaint and makes an unsubstantiated allegation that the conduct alleged in the amended complaint "was clearly different from that for which Mr. Smith was convicted by the hearing Board."

4. However, the hearing board determined that Smith had not committed the misconduct alleged in two of the charges against him. The board granted Smith's motion to dismiss these charges at the close of the complainant's case as to the violation of Colo. RPC 3.1 (bringing a frivolous action) because the complainant "had failed to present clear and convincing evidence that [Smith's] actions were not supported by a good faith argument for an extension, modification or reversal of existing law." Second, the board

We determine that the complaint provided Smith with adequate notice of the charges against him. The board's findings and conclusions did not violate C.R.C.P. 241.12(a) or Smith's due process rights. The complaint charged Smith with violating Colo. RPC 8.4(d) and C.R.C.P. 241.25(e). The hearing board determined that by filing and prosecuting the § 1983 and independent actions, Smith engaged in conduct prejudicial to the administration of justice, *see* Colo. RPC 8.4(d), and violated the state immunity rule, *see* C.R.C.P. 241.25(e).

### (2) The Validity of the Immunity Rules

Smith challenges the validity of the state and federal immunity rules on a number of grounds. He claims that, insofar as they purport to grant absolute immunity to complaining witnesses in a disciplinary proceeding, they (1) are beyond the scope of the state and federal rule-making authority; (2) violate Smith's First Amendment right of access to the federal courts to pursue federal rights litigation against attorneys and other persons who engage in a pattern of abusing state and federal litigation and attorney discipline processes; (3) conflict with controlling federal precedent; and (4) conflict with Colo. RPC 4.5 and the committee comment thereto. Although Smith does not elaborate on the first three grounds, he cites a number of United States Supreme Court and Tenth Circuit cases, presumably for the proposition that the Constitution protects the right of access to the courts.

■ "The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution." *Ryland v. Shapiro*, 708 F.2d 967, 971 (5th Cir.1983). In *Ryland*, the Fifth

concluded that Smith did not violate Colo. RPC 3.4(c) as charged in the complaint. Rule 3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." According to the board, because Smith openly asserted that the immunity rules did not bar either the § 1983 or the independent action, he did not violate Colo. RPC 3.4(c). The complainant did not except to either of these findings.

Circuit found three sources for the right of meaningful access to the courts. *See id.* The first is the Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment. *See id.* (citing *Chambers v. Baltimore & Ohio Railroad Co.,* 207 U.S. 142, 148, 28 S.Ct. 34, 52 L.Ed. 143 (1907)). A second source is the First Amendment right to petition the government for a redress of grievances. *See id.* (citing *California Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972)). "A third constitutional basis for the right of access to the courts is found in the due process clause." *Id.* at 972; *accord Nordgren v. Milliken,* 762 F.2d 851, 853 (10th Cir.1985). However, Smith relies on no cases that invalidate or prevent enforcement of a state's absolute immunity provision's that protect from suit a complaining witness in attorney discipline proceedings and subject an attorney who brings such a suit to a disciplinary proceeding for doing so.

The hearing board found that Smith had asserted state common-law claims along with his § 1983 claims against Coan and Asphaug in retaliation for their disciplinary complaints against him. At the time of Smith's proceeding, C.R.C.P. 241.25(e), this rule provided that:

> **(e) Immunity.** All requests for investigation submitted to the Supreme Court, the [Grievance] Committee, the Committee Counsel, or the Disciplinary Counsel, and all complaints filed with the Committee, shall be absolutely privileged and no lawsuit may be predicated thereon.

Smith's state law claims against Coan and Asphaug included malicious abuse of process, malicious prosecution, and wrongful use of civil proceedings.

██ Because C.R.C.P. 241.25(e) provides absolute immunity in regard to the state common-law claims, the record supports the board's determination that Smith violated

Colo. RPC 8.4(d), and we need not decide whether federal preemption restricted our rule to affording only qualified immunity for complaining witnesses in federal rights litigation. We have held that a lawyer who violates C.R.C.P. 241.25(e) by filing a civil action against a complaining witness in a disciplinary case may be sanctioned. In *People v. Smith,* 830 P.2d at 1005–06, we suspended James David Kimo Smith, the attorney-respondent, for a period of six months for, among other things, filing a malpractice action in retaliation against a lawyer who had participated in a disciplinary proceeding against him. We reasoned that the "disciplinary proceedings referred to by the respondent in the civil action were confidential and the respondent's reference to them" violated our disciplinary rules. *Id.* at 1005.[5] The right of access to the courts does not include abusive process against persons who seek to have a lawyer investigated for alleged misconduct. The public policy of encouraging people to report lawyer misconduct has been consistently favored over the right of a lawyer who has been falsely accused to obtain judicial relief. As the Supreme Court of New Jersey stated in 1955,

> [i]f each person who files a complaint with the ethics and grievance committee may be subject to a malicious prosecution action by the accused attorney there is no question but that the effect in many instances would be the suppression of legitimate charges against attorneys who have been guilty of unethical conduct, a result clearly not in the public interest. And although to deprive an attorney of his right to recover damages in a civil action for the malicious filing of such a complaint without probable cause occasionally works a hardship upon the attorney . . ., we are of the opinion that this result must follow if we are to properly carry out our constitutional duty to maintain the high standards of the bar. We therefore find that the filing of a com-

---

5. We determined that Kimo Smith's conduct violated C.R.C.P. 241.25(e) and DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice) (now Colo. RPC 8.4(d)); as well as DR 7–102(A)(1) (filing a suit when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another) and DR 1–102(A)(6) (engaging in

conduct adversely reflecting on the lawyer's fitness to practice law). *See also People v. Dalton,* 840 P.2d 351, 352 (Colo.1992) (disciplining lawyer who in his response to the request for investigation claimed that the complaining witness was liable to him for damages and the costs of defending the grievance, notwithstanding the immunity granted by C.R.C.P. 241.25(e)).

plaint with an ethics and grievance committee is privileged and that an attorney cannot predicate a malicious prosecution action or similar suit upon it.

*Toft v. Ketchum,* 18 N.J. 280, 113 A.2d 671, 675 (1955).

■ We agree that Smith engaged in conduct prejudicial to the interests of justice, contrary to Colo. RPC 8.4(d), when he brought state common law claims against Coan and Asphaug in the face of C.R.C.P. 241.25(e), which provided them absolute immunity. *See Smith,* 830 P.2d at 1005–06. The record fully supports the board's conclusion that Smith's lawsuits against Asphaug and Coan were retaliatory and prejudicial to the administration of justice.[6]

### (3) Smith's Due Process Claims

#### (a) Conduct of the Office of Disciplinary Counsel

■ Smith asserts that the disciplinary investigator and the assistant disciplinary counsel assigned to his case by the Office of Disciplinary Counsel both had prior relationships to the facts, parties, and witnesses in the case, and that they failed to investigate the case in accordance with C.R.C.P. 241.10. Smith claims that he was therefore deprived of his right to due process and to a fair and impartial decisionmaker.

As with so many of his exceptions and objections, Smith provides no reasons why his due process rights were violated other than the mere statement that they were. The record contains no support for his allegations. In addition, neither the investigator nor the assistant disciplinary counsel assigned to the case were "decisionmakers." Thus, Smith's claim is meritless.

#### (b) The 219–day Delay

■ Smith alleges that his case was not brought to hearing until 219 days after he filed his answer to the complaint, and that this delay rises to the level of a violation of due process that prejudiced him because of

its adverse effect on his ability to practice law and to make a living. In addition, he asserts that no other lawyer has been subjected to this amount of prejudicial delay, and that this constitutes a violation of equal protection. The hearing board should therefore have dismissed the complaint on these grounds.

However, the record amply supports the complainant's response that any unnecessary delay in bringing these proceedings to a hearing was predominantly Smith's own fault. Moreover, Smith gives no reason why the delay prejudiced him in presenting a defense to the charges against him. Pretrial delay in this case did not violate either due process or equal protection.

#### (c) Conduct of the Presiding Officer

Smith contends that the presiding officer of the hearing board refused to follow C.R.C.P. 241.14(a) in this case, thereby violating his due process right to an evidentiary hearing and a full and fair opportunity to litigate the affirmative defenses and mitigating circumstances he raised in his answer to the complaint. C.R.C.P. 241.14(a) provides that:

> Not less than fifteen days before the date set for the hearing of a complaint, notice of such hearing shall be given as provided in C.R.C.P. 241.25(b) to the respondent.... The notice shall also advise the respondent that he is entitled to be represented by counsel at the hearing, to cross-examine witnesses, and to present evidence in his own behalf.

Smith does not challenge the notice given in this case; rather, he claims that he was denied the ability to present evidence because the presiding officer: (1) quashed the subpoenas of certain witnesses Smith intended to call at trial; (2) struck all but three of the trial witnesses endorsed by Smith as a sanction for discovery violations; (3) excluded some of the testimony of Smith's witnesses and many of his trial exhibits; (4)

---

6. Because we do not reach the applicability of the state immunity rule in regard to federal civil rights claims, we elect not to require Smith, as a condition for readmission, to pay Coan all of the

attorney fees she incurred in defending the federal litigation. Her recourse in this regard should reside in the federal courts.

excluded some of Smith's cross-examination of the complainant's witnesses; and (5) threatened to impose sanctions if Smith persisted in asking certain questions of witnesses.

The record discloses, however, that Smith failed to comply with his discovery obligations. On March 4, 1997, the complainant filed a motion for sanctions based on Smith's failure to provide a detailed factual summary of the expected testimony of each person Smith identified as a possible witness and Smith's failure to respond appropriately to certain of the complainant's interrogatories. *See* C.R.C.P. 37. After considering the motion and Smith's responses, the board concluded that sanctions should be imposed and that an appropriate sanction would be to strike all of Smith's witnesses except Smith, his wife, and Smith's expert witness, Bennett J. Wasserman. The sanctions order also resolved many motions to quash Smith's subpoenas to various witnesses.

In his responses to the motion for sanctions, Smith did not provide any reasonable basis for why he did not comply with his discovery obligations. The hearing board did not abuse its discretion in striking all but three of Smith's witnesses for his failure to provide discovery. *See People v. Stauffer*, 858 P.2d 694, 697 (Colo.1993) (concluding that the presiding officer of a hearing board did not abuse his discretion in entering an order of default against the attorney-respondent because of the complete absence of good cause for the respondent's failure to comply with discovery).

Further, the hearing board properly excluded certain of Smith's exhibits on the ground that they were not relevant to the determination of any matter at issue, or because they were cumulative. *See Smith*, 937 P.2d at 730 (holding that lawyer was not denied due process in reciprocal discipline proceeding when hearing board did not permit his many witnesses, including expert witnesses, to testify, absent offer of proof that witnesses would testify to relevant matters).

For the same reasons, the board did not err in excluding certain testimonial evidence that Smith attempted to adduce, nor did the presiding officer abuse any applicable standards of conduct.

#### (d) The Hearing Panel's Decision

Smith claims that because only six members of the hearing panel participated in the decision affirming the board's finding and conclusions, and one of those members was the hearing board's presiding officer, he was deprived of his due process right to a fair and impartial decisionmaker. The hearing panel that considered the board's findings and recommendation consisted of nine members, including a vice-chair of the grievance committee. The six members participating in the decision were a majority of the panel and thus constituted a quorum. *See* C.R.C.P. 241.25(a). They unanimously approved the board's findings and recommendations. Their action was therefore the action of the full panel. *See id.*

In our previous opinion suspending Smith, we rejected the same claim he makes here. The participation of the presiding officer of the hearing board in the action of the hearing panel did not violate due process. *See Smith*, 937 P.2d at 730; *see also People v. Fitzgibbons*, 909 P.2d 1098, 1100–01 (Colo. 1996).

#### (e) Affirmative Defenses

Smith also complains that the failure of the hearing board and the hearing panel to address his affirmative defenses and mitigating evidence deprived him of his due process right to review in this court. The decisions of the hearing board and panel demonstrate that this exception is wholly without justification.

Accordingly, the board and the panel did not err in No. 97SA344.

### II. No. 98SA8—Tenth Circuit Disbarment

#### A. Proceedings Before the Hearing Board

The second case is a reciprocal disciplinary proceeding. *See* C.R.C.P. 241.17. On February 13, 1996, the Tenth Circuit disbarred Smith from practicing before that court because he had violated the Tenth Circuit's

1993 suspension order, *see In re Smith,* 10 F.3d 723, by practicing law before that court. *See In re Smith,* 76 F.3d 335, 336 (10th Cir.) (per curiam), *cert. denied,* 519 U.S. 871, 117 S.Ct. 186, 136 L.Ed.2d 125 (1996). The complainant filed a motion for summary judgment asserting that the Tenth Circuit's disbarment order conclusively established that Smith had in fact violated the Tenth Circuit's 1993 suspension order. C.R.C.P. 241.17 provides in part:

> **(a) Proof of Discipline Imposed.** Except as otherwise provided by these Rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of a lawyer shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct.
>
> . . . .
>
> **(d)** . . . .
>
> If the lawyer intends to challenge the validity of the disciplinary order entered in the foreign jurisdiction, he must file with the Committee Counsel a full copy of the record of the disciplinary proceedings which resulted in the imposition of that disciplinary order.

Although Smith filed an opposition brief to the motion for summary judgment, he did not file a full copy of the Tenth Circuit disciplinary proceedings at that time. The hearing board therefore found that the Tenth Circuit's February 13, 1996 order conclusively established that Smith practiced law in that court while he was under an order of suspension.[7]

▇▇ In a case such as this, we generally impose the same discipline that the other jurisdiction imposed unless one of four exceptions exists:

> (1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;
>
> (2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

> (3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or
>
> (4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

C.R.C.P. 241.17(d); *see also Smith,* 937 P.2d at 726. Because he failed to file the full record of the Tenth Circuit proceedings when he was required to, Smith was precluded from challenging the validity of the Tenth Circuit's findings and order. *See* C.R.C.P. 241.17(d). Therefore, the exceptions set out in C.R.C.P. 241.17(d)(1) and (2), relating to the procedures and sufficiency of the evidence underlying the disbarment order, did not apply as a matter of law.

The only issues remaining at the hearing were the applicability of the exceptions in C.R.C.P. 241.17(d)(3) and (4). Accordingly, the board excluded any evidence at the hearing that did not relate to the following two issues: (1) whether the imposition by the supreme court of disbarment would result in grave injustice; and (2) whether the misconduct proved warranted a substantially different form of discipline in Colorado.

The Tenth Circuit's opinion and disbarment order provided, in relevant part:

> On December 14, 1995, this panel entered an order requiring respondent David L. Smith to show cause why he should not be disbarred for violating this court's November 1993 suspension order and for practicing in this court without authorization. . . .
>
> . . . .
>
> During the course of his suspension, Mr. Smith continued to file briefs in this court. In particular, the court has identified four appeals in which Mr. Smith appears to have drafted briefs on behalf of the allegedly pro se appellants. Those appeals are 94–1127, *Qualls v. Regional Transportation District,* 94–1130, *Dunkin v. Louisiana Pacific Corporation,* 94–1317, *Howard v. Mail–Well Envelope Company,* and 95–1198, *Seales v. Jefferson County School*

---

7. Smith did file the record of the Tenth Circuit proceeding on the day before the hearing began, three months after the summary judgment order was entered.

*District R–1.* The December 14 show cause order was the culmination of this court's efforts to have Mr. Smith explain his involvement in these appeals.

In his response, Mr. Smith readily admits, as he has before, that he wrote and submitted briefs in this court following the issuance of our suspension order. He maintains, however, that those submissions are not in violation of this court's order because he signed two of the briefs in question and included footnotes admitting his involvement in the other two.... The argument follows that because he admits his assistance, he cannot be subject to discipline. Mr. Smith's arguments misperceive the nature of the problem.

Mr. Smith was advised, in very clear terms, that he no longer had permission to practice law in this court. He was told he could not act as an attorney for his clients or former clients. In writing and filing briefs on behalf of otherwise pro se litigants, he violated that order. This breach existed regardless of whether he signed the briefs or inserted footnotes. Following the suspension order, Mr. Smith was prohibited from helping his clients with their briefs.

Contrary to assertions made in the response, the court has been very careful to distinguish between efforts made on behalf of clients and Mr. Smith's right to appeal sanctions issues on his own behalf. The briefs in the four cases identified asked for relief which went far beyond Mr. Smith as an individual. In 94–1127, for example, the alleged "pro se" brief requests relief in the form of reversing the district court's dismissal of certain claims and remand for an expedited jury trial on the merits. The front cover of that brief asserts it is being submitted by Mr. Qualls, not David Smith. We find it disingenuous for Mr. Smith to urge that these briefs only contained arguments personal to him.

*In re Smith,* 76 F.3d at 335–36. The Tenth Circuit ordered that Smith be disbarred from practicing before that court. *See id.* at 336.

The hearing board concluded that, by preparing and filing briefs on behalf of otherwise pro se litigants in four appeals in violation of the Tenth Circuit's order of suspension, Smith violated Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law). The board also determined that Smith was accorded due process of law by the Tenth Circuit, *see* C.R.C.P. 241.17(d)(1); that the proof upon which the Tenth Circuit based its disbarment of Smith was not infirm, *see* C.R.C.P. 241.17(d)(2); that no grave injustice would result from this court's disbarment of Smith, *see* C.R.C.P. 241.17(d)(3); and no substantially different form of discipline was warranted, *see* C.R.C.P. 241.17(d)(4). The hearing board recommended that Smith's license to practice law in this state be revoked.

### B. Legal Issues

We now address Smith's issues in No. 98SA8.

#### 1. Summary Judgment

■ Smith claims that the hearing board's presiding officer committed reversible error in granting summary judgment against him regarding certain of his defenses and mitigating circumstances. We disagree. The complainant filed a motion for partial summary judgment on February 7, 1997 seeking an order holding that the Tenth Circuit's disbarment order conclusively established that Smith had violated their November 1997 suspension order by practicing law before the Tenth Circuit. The hearing board granted that motion because Smith failed to file a complete record of the Tenth Circuit proceedings with the board. *See* C.R.C.P. 241.17(a), (d).

Although Smith filed a record of the Tenth Circuit proceedings on the eve of trial, and three months after the order granting summary judgment, he did not offer any acceptable reason for the late filing, or for the hearing board to reconsider its grant of partial summary judgment. Nor has he given this court any grounds to overturn the partial summary judgment.

#### 2. Due Process Rights to Counsel, to Cross–Examination, and to Present Evidence

■ Smith next contends that the hearing board deprived him of his due process

rights to be represented by counsel, his right to cross-examine witnesses, and his right to present evidence in his favor. This is similar to the argument he made against the presiding officer in No. 97SA344, and which we rejected in part (I)(B)(3)(c) above. He complains that the presiding officer prevented him from presenting evidence regarding certain defenses and mitigating evidence pertaining to the Tenth Circuit disbarment proceedings. In fact, the reason Smith was not allowed to raise these defenses was his failure to file the record of the proceedings in the Tenth Circuit. For the same reason, he may not raise these issues here.

■ As he has before, Smith asserts that attorney discipline proceedings are criminal in nature and that he is entitled to "a full criminal process (including his Sixth Amendment right to a jury trial) before being convicted and punished by the Tenth Circuit disciplinary panel." This very issue was resolved against Smith in our 1997 discipline opinion. *See Smith*, 937 P.2d at 727.

Smith also argues that he was entitled to an *evidentiary* hearing before the Tenth Circuit prior to his disbarment. He claims that the failure to afford him an evidentiary hearing violated due process and Fed. R.App. P. 46. We rejected the identical argument in Smith's earlier reciprocal discipline case. *See Smith*, 937 P.2d at 728.

■ Smith also asserts that the Tenth Circuit did not give him fair notice of the charges against him; that he had a right to effective review of the Tenth Circuit's 1993 suspension order; that he was entitled to a fair and impartial decisionmaker; and that the Tenth Circuit denied Smith his Fifth Amendment right to due process and his First Amendment right to petition the government for a redress of grievances. All of these claims are foreclosed by the hearing board's order granting partial summary judgment. In any event, we have examined the record and there is no merit in any of Smith's other due process or First Amendment claims.

### 3. Delay in the Proceedings

■ Smith alleges that he was not brought to trial until 449 days after he filed his answer to the reciprocal discipline complaint, and that this delay rose to the level of a violation of his Fourteenth Amendment right to due process. This is similar to the argument he made in No. 97SA344 concerning the 219–day period therein. *See* Part (I)(B)(3)(b), *supra*.

As in No. 97SA344, the record supports the complainant's assertion that any unnecessary delay in bringing these proceedings to a hearing was largely caused by Smith's refusal to set the hearing before March 1997, and by the granting of Smith's motion for a continuance. In addition, Smith provides no reason why the delay in No. 98SA8 prejudiced him in presenting a defense to the charges against him. Thus, any pretrial delay in this case did not violate Smith's right to due process.

### 4. Whether the Charges in the Complaint Were Proved by Clear and Convincing Evidence

Without any elaboration, Smith claims in a purely conclusory manner that the complainant did not prove the charges in the complaint against him by clear and convincing evidence. The specifics of Smith's misconduct that led to his disbarment in the Tenth Circuit were conclusively established for lawyer discipline purposes when Smith failed to file the record of the Tenth Circuit proceedings. *See* C.R.C.P. 241.17(a),(d). Smith himself bore the burden of establishing the existence of one or more of the four exceptions contained in C.R.C.P. 241.17(d)(1)-(4). The record supports the conclusion that Smith failed to carry this burden.

### 5. Whether the Presiding Officer Was Fair and Impartial

Smith claims that:

It was reasonably questionable whether the presiding officer of the hearing board could be a fair and impartial decision-maker in reciprocal discipline proceedings in which he refused to accord Mr. Smith full right to be heard according to law, and

then failed or refused to disqualify himself from the proceedings, in violation of Canon 3 of the Colorado Code of Judicial Conduct.

We have already concluded, however, that the presiding officer's rulings that Smith has challenged were in fact correct. Smith gives no reasons why the presiding officer would not have been fair and impartial, and our independent review of the record reveals that the presiding officer treated Smith with the utmost fairness and impartiality, despite formidable difficulties posed by Smith himself.

### 6. Whether Trial and Appellate Functions Were Improperly Combined in These Proceedings

This is the same argument that Smith made in No. 97SA344 and that we rejected in part (I)(B)(3)(d). One of the five members of the nine-member hearing panel that participated in considering the board's findings and recommendation in this case was the board's presiding officer. This did not deprive Smith of any due process rights of appellate review. *See Smith,* 937 P.2d at 730; *Fitzgibbons,* 909 P.2d at 1100–01.

### III.

The hearing board in the immunity case, No. 97SA344, recommended that Smith be suspended for a year and a day. In the reciprocal discipline matter, No. 98SA8, the board recommended that Smith be disbarred. We need not impose the sanction in the immunity case because the sanction in the reciprocal discipline case, disbarment, controls.

The relevant issues remaining for our analysis of the second case are whether disbarring Smith "would result in a grave injustice," *see* C.R.C.P. 241.17(d)(3), or whether our state law "warrants a substantially different form of discipline," *see* C.R.C.P. 241.17(d)(4). We agree with the hearing board that the answer to these questions is in the negative.

First, Smith has provided us with no evidence or legitimate reason why disbarment would result in an injustice. Second, under the ABA *Standards for Imposing Lawyer Sanctions* 8.1(a) (1991 & Supp.1992), in the absence of mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer ... intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession." We have found disbarment appropriate for a lawyer who continued to practice law after being suspended. *See People v. Stauffer,* 858 P.2d 694, 698–99 (Colo. 1993) (disbarring lawyer who continued to practice law while under an immediate order of suspension).

### IV.

Accordingly, we hereby order that David Lee Smith be disbarred, effective upon the release of this opinion. It is further ordered that prior to readmission, and as a condition thereof, Smith must pay the combined costs of these two proceedings in the amount of $4,649.34, plus interest at the statutory rate until paid, to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432.

Justice KOURLIS does not participate.