2011 UT App 259

**Spencer D. KIMBALL, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, WORKFORCE APPEALS BOARD, Respondent.**

**No. 20110387.**

Court of Appeals of Utah.

Aug. 4, 2011.

Spencer D. Kimball, Salt Lake City, Petitioner Pro Se.

Jaceson R. Maughan, Salt Lake City, for Respondent.

Before Judges ORME, THORNE, and VOROS.

### DECISION

PER CURIAM:

¶ 1 Spencer D. Kimball petitions for review of the decision of the Workforce Appeals Board (the Board) affirming the denial of unemployment benefits. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶ 2 Kimball asserts that the Board erred in finding that he voluntarily quit his employment without good cause. This court will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n,* 939 P.2d 177, 181 (Utah 1997). Whether "good cause" for quitting exists is a mixed question of law and fact. *See Adams v. Board of Review,* 776 P.2d 639, 642 (Utah Ct.App.1989). This court "will not disturb the Board's application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality." *Johnson v. Department of Emp't Sec.,* 782 P.2d 965, 968 (Utah Ct.App.1989).

¶ 3 Voluntarily leaving employment without good cause makes a claimant ineligible for unemployment benefits. *See* Utah Code Ann. § 35A–4–405(1)(a) (Supp.2010). A work separation is considered voluntary "if the claimant was the moving party in ending the employment relationship." Utah Admin. Code R994–405–101(1). Here, it is undisputed that Kimball resigned his employment by submitting a letter of resignation in January 2011. Kimball argues, however, that he was forced to resign through the actions of his employer.

¶ 4 The Board found Kimball's resignation to be voluntary. There is substantial evidence in the record to support this finding. The employer's witnesses testified that the incident on the day that Kimball submitted his resignation was a mere misunderstanding that was corrected quickly. However, Kimball declined to wait for the resolution and instead left the work premises. Additionally, although Kimball thought he was being "stonewalled" and pressured into quitting, in a meeting only weeks prior to his resignation he was assured that the employer had no such agenda. The employer's witnesses testified that, had Kimball not quit, he would still be working there. Kimball's view of events differs from the employer's, but there

was substantial evidence to support a finding that he voluntarily quit his employment.

¶5 A claimant who voluntarily quits employment may still be entitled to benefits if he shows good cause for the separation or if denying benefits would be contrary to equity and good conscience. *See id.* R994–405–101(3). "To establish good cause, a claimant must show that continuing employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show an immediate severance of the employment relationship was necessary." *See id.* R994–405–102. Additionally, even if an adverse effect is shown, good cause may not be found if the claimant reasonably could have continued working while looking for other employment. *See id.* R994–405–102(1)(b)(i).

¶6 The Board determined that Kimball had acted unreasonably in resigning after a mere misunderstanding and had not established that an immediate termination of employment was necessary. To establish an adverse effect, a claimant must show that the separation was "motivated by circumstances that made the continuance of the employment a hardship or matter of concern sufficiently adverse to a reasonable person so as to outweigh the benefits of remaining employed." *Id.* R994–405–102(1)(a). In evaluating a claimant's actions, the decision to quit "must be measured against the actions of an average individual, not one who is unusually sensitive." *Id.* The Board found that Kimball had overreacted to a misunderstanding and that his resignation after such an incident was "puzzling." The Board found that Kimball had not established good cause because the incident did not warrant the actions he took.

¶7 Additionally, the Board noted Kimball's allegations of mistreatment by the employer. It found, however, that even if true, the allegations would not have justified quitting after a minor misunderstanding. Kimball had become frustrated and dissatisfied with what he perceived as a lack of response to his concerns at work, but dis-

satisfaction does not establish good cause. Under the circumstances of this case, we conclude that the Board's findings and conclusions are supported by the record and are within the bounds of reasonableness and rationality.[1]

¶8 We uphold the Board's decision.

---

1. Similarly, the Board was within the bounds of reasonableness and rationality when it found that, because quitting was not reasonable, Kimball was not entitled to an exception under the equity and good conscience standard. *See* Utah Admin. Code R994–405–103.